[Civ. No. 8751. Second Appellate District, Division Two.—July 24, 1934.]

## CHARLES B. BERMAN, Appellant, v. BLANKENSHIP MOTORS (a Corporation) et al., Respondents.

William P. Redmond for Appellant.

George L. Greer for Respondent.

STEPHENS, P. J.—This is a motion to dismiss an appeal upon the ground that the notice of appeal came too late.

Defendants, respondents here, presented a motion for a new trial but the court denied the motion. ■ On the same day the clerk made a note thereof in his rough minutes and the next day the court's ruling was duly entered in the regular minutes. The date of this entry, however, was of the date of the ruling.

Section 939, Code of Civil Procedure, provides: "If proceedings on motion for a new trial are pending, the time

for appeal from the judgment shall not expire until thirty days after entry in the trial court of the order determining such motion. . . . "

The appeal was not within time if the entry in the rough minutes starts the time running, but such entry does not do this for it has been held that rough minutes of the clerk are personal memoranda and not records of the court. (*Brownell* v. *Superior Court*, 157 Cal. 703 [109 Pac. 91].)

■ The appeal was not within time if the regular minutes are to be taken as of their face. But we think the plain provision of the statute is that the time runs from the actual entry. So calculated the appeal was in time. For general discussion of the subject see *State* v. *Scott*, 35 Wyo. 108 [247 Pac. 699], and note 247 Pac. 699.

The motion is denied.

Craig, J., and Desmond, J., concurred.