[Civ. No. 12449.   Second Appellate District, Division One.—February 19, 1941.]

DUNCAN P. JACKSON, Appellant, v. MARGARET C. THOMPSON et al., Respondents.

T. H. Canfield for Appellant.

Fred A. Shaeffer for Respondents.

WHITE, J.—This is an appeal by plaintiff from an order of the Superior Court of Santa Barbara County striking from the records and files of the action a "Notice and Request for Transcript" filed therein by such plaintiff in connection with his appeal from an order of dismissal made in said action.

There is no dispute concerning the factual situation with which we are here confronted.   This action was instituted

in the superior court, and during the month of May, 1939, was pending therein. On May 15, 1939, pursuant to motion theretofore duly made by defendants, and in the presence of counsel for all parties, the court orally announced from the bench its order granting said motion and pursuant thereto dismissing the action for lack of prosecution under the provisions of section 583 of the Code of Civil Procedure. The clerk thereupon entered such oral order. of the court in the court clerk's "rough minutes", but such order was not formally entered in the minutes of the court until approximately one week later than the date of its rendition. However, on May 16th, which was the day following the date upon which the oral order of dismissal was made, defendants' counsel served upon plaintiff's attorney a "Notice of Ruling", evidently intended to be a notice of the entry of the order or judgment of dismissal. After receiving such notice, plaintiff's attorney examined the minute book of the superior court and found that such order of dismissal had not been entered. It might here be noted that no other notice of entry of the order or judgment of dismissal was ever served upon plaintiff. On June 10, 1939, plaintiff filed in the superior court his "Notice of Appeal" from the order of dismissal and on the same day he also filed a "Notice and Request for Transcript". It was this last-named document which was stricken from the files by the court, and which order forms the basis of this appeal.

▆▆ Appellant contends that pursuant to the provisions of sections 953a and 953d of the Code of Civil Procedure his time to file a request for transcript did not commence to run until notice of the entry of the dismissal order had been served upon him; and that such notice could not legally be served upon him until the dismissal order made by the superior court had been formally entered in the minutes of the court. In this claim appellant must be upheld. The so-called "Notice of Ruling", having been served on May 16th, one day after the oral ruling on the motion to dismiss, but several days prior to the formal entry of such order in the minutes of the court, was a nullity and of no legal effect.

It has been held that an order of dismissal under section 583 of the Code of Civil Procedure, such as the one with which we are here concerned, while not a judgment in the strict sense of the word, is nevertheless treated as such for the purposes of appeal, and therefore the time for appeal from

such order of dismissal runs from the date of *entry* of such minute order. (*Southern Pac. R. R. Co.* v. *Willett,* 216 Cal. 387, 390 [14 Pac. (2d) 526].)

. [2] That no appeal can be taken from an order or judgment until it is formally entered in the minutes, is and for a long time has been the unquestioned law of this state. Commencing with the case of *Brownell* v. *Superior Court,* 157 Cal. 703 [109 Pac. 91], it has been uniformly held that the entry of the court's oral order in the court clerk's "rough minutes" is not an official record of any character, and until such official entry has been made in the minutes of the court the order granted remains but a mere oral announcement. It is uncontradicted in the instant case that such official entry of the oral order did not occur until several days after the "Notice of Ruling" was served upon plaintiff's counsel.

Since the enactment of section 953d of the Code of Civil Procedure in 1927, the strictness with which its statutory directions are enforced has been emphasized in numerous cases. For instance, in this connection it has been held that the actual presence of counsel in court at the time the order or judgment is made does not excuse compliance with the requirement for written notice unless such written notice be waived in writing or by oral stipulation entered in the minutes. (*Savage* v. *Superior Court,* 36 Cal. App. (2d) 521, 523, 524 [97 Pac. (2d) 990].) Since the purported "Notice of Ruling" was served prior to the entry of the dismissal order in the official minutes of the court, it was premature and of no force or effect. Therefore plaintiff's request for a transcript on appeal was timely.

From the foregoing it follows that the order from which this appeal is taken must be reversed. It is so ordered.

York, P. J., and Doran, J., concurred.