[L. A. No. 20791.   In Bank.   Apr. 22, 1949.]

LOUIS JABLON, Appellant, v. MARIE HENNEBERGER, Respondent.

Harry E. Ehrlich and Simon Miller for Appellant.

Bautzer & Silbert and Bertin Weyl for Respondent.

SHENK, J.—This is a motion to dismiss an appeal from a judgment in favor of the defendant upon the ground that the notice of appeal was filed more than 30 days after the denial of the motion for a new trial and more than 90 days after the entry of the judgment.

On August 14, 1947, judgment was entered in favor of the defendant. Notice of entry of judgment was served and filed on August 22. On August 29, the plaintiff filed his notice of intention to move for a new trial. The motion was heard on October 10, and denied in open court in the presence of counsel for both parties. The following additional facts are

stipulated: Preparatory to the calling of the calendar for October 10, 1947, in the Santa Monica branch of the superior court, the branch court clerk prepared a "trial calendar" in duplicate on which he listed each matter to come before the court, the nature of the proceeding and litigants' counsel. When the court orally denied the motion for a new trial, the clerk entered the disposition on the original and carbon copy of the "trial calendar" under the proper heading as follows: "Mo. denied. Notice waived." The original was retained by the branch court clerk and the carbon copy sent to the main office of the county clerk in Los Angeles where, on October 23, an entry of the order was made in the Register of Actions and in the "Minutes and Orders" book which contains the record of all minutes and minute orders made in all departments of the Los Angeles Superior Court. These proceedings were in accordance with the accustomed practice in Los Angeles courts. The time lag of 13 days between the disposition in the branch court and its entry in the records at the main office was not unusual

The question is whether the 30 days within which the plaintiff could file his notice of appeal commenced to run from the date of the oral denial of the motion in open court or from the date of the order in the permanent record book in the main office of the county clerk. If the earlier date started the period running, the appeal was ineffective whereas if the period did not begin to run until October 23, the notice of appeal filed on November 15 was timely.

Section 3(a) (1) of the Rules on Appeal, provides: "When a valid notice of intention to move for a new trial is served and filed by any party within 60 days after entry of judgment, (1) if the motion is denied, the time for filing the notice of appeal from the judgment is extended for all parties until 30 days after denial of the motion by order of court or by operation of law."

The foregoing rule superseded in part section 939 of the Code of Civil Procedure which had declared: "If proceedings on a motion for a new trial are pending, the time of appeal from the judgment shall not expire until thirty days after entry in the trial court of the order determining such motion for a new trial . . ." That section was interpreted as authorizing an appeal within 30 days after the official entry in the minutes of the order denying a new trial. (*Berman* v. *Blankenship Motors*, 140 Cal.App. 134 [34 P.2d 1035].) The official entry referred to is not that made by the department court

clerk in his rough minutes. The entry in the permanent minute records of the court constitutes the official record of the court. (*Brownell* v. *Superior Court*, 157 Cal. 703 [109 P. 91] ; *Van Tiger* v. *Superior Court*, 7 Cal.2d 377 [60 P.2d 851] ; *Jackson* v. *Thompson*, 43 Cal.App.2d 150 [110 P.2d 470] ; *Smith* v. *Ross*, 57 Cal.App. 191 [207 P. 55] ; *Berman* v. *Blankenship Motors, supra*, 140 Cal.App. 134.)

The fact that section 939 of the Code of Civil Procedure was specific in declaring that the time for such an appeal was to be calculated from the date of entry, whereas the word "entry" does not appear in the rule, is not decisive. A material change in the language of a rule tends of course to show an intention on the part of the rule-making body to accomplish a change. (*People* v. *Santa Fe Federal S. & L. Assn.*, 28 Cal.2d 675, 685 [171 P.2d 713] ; *Estate of Broad*, 20 Cal.2d 612, 618 [128 P.2d 1] ; *Whitley* v. *Superior Court*, 18 Cal.2d 75, 78 [113 P.2d 449] ; *Estate of Todd*, 17 Cal.2d 270, 274 [109 P.2d 913] ; *Loew's Inc.* v. *Byram*, 11 Cal.2d 746, 750 [82 P.2d 1].) But where, as here, it appears that there was no intention to disturb a rule of long standing, a change was not effected. (*W. R. Grace & Co.* v. *California Emp. Com.*, 24 Cal.2d 720, 729 [151 P.2d 215] ; *County of Los Angeles* v. *Frisbie*, 19 Cal.2d 634, 644 [122 P.2d 526] ; *Hammond* v. *McDonald*, 49 Cal.App.2d 671, 681 [122 P.2d 332] ; *Dalton* v. *Baldwin*, 64 Cal.App.2d 259, 264 [148 P.2d 665] ; 1 Sutherland, Statutory Construction (1943) §§ 1930, 1931, pp. 412-419.)

Section 1003 of the Code of Civil Procedure provides : "Every direction of a court, judge, or justice, made or entered in writing, and not included in a judgment, is denominated an order." It is the general rule that an order is ineffective unless filed with the clerk or entered in the minutes. (*Brownell* v. *Superior Court, supra*, 157 Cal. 703 ; *Jackson* v. *Thompson, supra*, 43 Cal.App.2d 150 ; *Smith* v. *Ross, supra*, 57 Cal. App. 191.) There may be exceptions to the general rule but this motion does not involve one of them and the general rule should be applied. This conclusion is further supported by the explanatory note prepared under the supervision of the Judicial Council and accompanying the rule in question. The explanatory note says that the rule, Rule 3(a)(1), "states existing statutory and case law." That law, as has been shown, is to the effect that the time for filing a notice of appeal should commence to run from the "entry" of the order in the

minutes of the court. (See Witkin, The Rules on Appeal, 1944, 17 So.Cal.L.Rev. 92.)

The respondent calls attention to the fact that under rule 3(b) the time for taking an appeal from the orders therein specified commences to run from the "entry" of the order and it is urged that an omission to use that word in the first subdivision of the rule indicates a purpose to provide a different rule (citing *Estate of Corcofingas*, 24 Cal.2d 517 [150 P.2d 194].) However, sufficient has been said to show that uniformity was intended and that a change in the established practice was not accomplished. The motion is denied.

Gibson, C. J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.