[L. A. No. 22498.   In Bank.   Dec. 23, 1953.]

PACIFIC HOME (a Corporation), Plaintiff and Appellant, v. COUNTY OF LOS ANGELES et al., Defendants and Appellants.

Newby, Holder & Newby and Charles R. Newby for Plaintiff and Appellant.

Harold W. Kennedy, County Counsel, Arvo Van Alstyne and Gordon Boller, Deputy County Counsel, Ray L. Chesebro and Roger Arnebergh, City Attorneys (Los Angeles), and Louis A. Babior, Deputy City Attorney, for Defendants and Appellants.

SPENCE, J.—This is a companion case to *Pacific Home* v. *County of Los Angeles, ante,* p. 844 [264 P.2d 539]. Plaintiff sought here to recover taxes paid under protest for the tax year 1949-1950. The record presents the added consideration of an amendment of plaintiff's articles of incorporation as related to the requirement of irrevocable dedication. (Rev. & Tax. Code, § 214, subd. [6].) The trial court ultimately ruled against plaintiff and entered judgment for defendants; and from such judgment, plaintiff appeals.

In 1948 and prior to the first Monday of March, 1949 (the tax-lien date), plaintiff's articles of incorporation were amended. The amendments consisted of eliminating the provision for the annual payment to the retired ministers' fund and engrafting a limitation upon the disposition of plaintiff's corporate assets coming under the control of the Southern California-Arizona Annual Conference of the Methodist Church as the result of plaintiff's dissolution. In such event it is provided that plaintiff's properties should be "used for the benefit of worthy aged and infirm persons and for such other charitable work as may be consistent with the history and purposes of the [plaintiff] corporation."

The court first found that on the first Monday of March, 1949, plaintiff and its properties met the requirements of the welfare exemption law. It specifically then concluded that the properties were irrevocably dedicated to religious, hospital or charitable purposes, and upon liquidation, dissolution, or abandonment by plaintiff would not have inured to the benefit of any private person except a fund, foundation or corporation organized and operated for such purposes. Accordingly, judgment for plaintiff was entered on February 18, 1952. Defendants made a motion for a new trial. On April 1, 1952,

at the conclusion of the hearing of the motion, the court said: "I will deny all motions." (Motions for a new trial in the three companion cases were heard at the same time.) The clerk made a memorandum to that effect but did not make an entry in the minutes. On April 2, 1952, the trial court instructed the clerk that the motion would stand submitted. Thereupon the clerk made a minute entry dated April 1, 1952, stating that the motion was submitted. On April 15, 1952, the court signed and filed a written order vacating the findings of fact, conclusions of law and judgment; ordering judgment for defendants; directing the preparation of new findings, conclusions, and judgment in accord with those in the three companion cases; and denying the motion for a new trial. In the new findings the only significant change is the court's finding against plaintiff on the issue of irrevocable dedication of its properties. (Rev. & Tax. Code, § 214, subd. [6].) Judgment was then entered for defendants on April 17, 1952, and plaintiff appeals therefrom.

A procedural question first arises as the result of defendants' precautionary appeal taken from the judgment of February 18, 1952. Plaintiff takes the position that the trial court's oral statement at the conclusion of the hearing of the motion for a new trial, "I will deny all motions," was effective immediately to deny the motion, and that the court did not have jurisdiction thereafter to vacate the findings, conclusions and first judgment, and enter a new and different judgment. There is no merit to this contention. The court's oral pronouncement was in the future tense and was never entered in the minutes. The formal written order which the court later signed was the only order entered in the minutes. An order ruling on a motion for a new trial is ineffective unless filed with the clerk or entered in the minutes. (Code Civ. Proc., § 1003; *Jablon* v. *Henneberger*, 33 Cal.2d 773, 775 [205 P.2d 1]; *Jackson* v. *Thompson*, 43 Cal.App.2d 150, 152 [110 P.2d 470].) The effective date of an order denying a motion for a new trial is the date of the minute entry. (*Millsap* v. *Hooper*, 34 Cal.2d 192, 193 [208 P.2d 982.) The minute entry here was made while the court still retained jurisdiction. Upon denying the motion for a new trial, the court was authorized to vacate the prior findings, conclusions and judgment, and to make new findings and conclusions, and to render a new judgment. (Code Civ. Proc., § 662; *Spier* v. *Lang*, 4 Cal.2d 711, 713-714 [53 P.2d 138];

see, also, *Estate of Busteed,* 105 Cal.App.2d 14, 16-18 [232 P.2d 881].) Accordingly, the new judgment entered April 17, 1952, superseded the judgment entered February 18, 1952. Defendants' appeal from the superseded judgment is therefore a nullity and will be dismissed.

Turning now to the merits of plaintiff's exemption claim, plaintiff's articles of incorporation were the same for the tax year here involved as they were quoted in the companion cases for the preceding years, except for the elimination of the provision for contribution to the retired ministers' fund of the conference and change of the dissolution clause. Manifestly, as defendants concede, the amendment of the dissolution clause expressly imposed a restriction for charitable purposes on plaintiff's property coming into the hands of the conference by reason of plaintiff's liquidation, dissolution or abandonment. But irrespective of this express declaration and upon authority of *Pacific Home* v. *County of Los Angeles, ante,* page 844, plaintiff's properties were irrevocably dedicated to exempt purposes within the meaning of the welfare exemption law, and plaintiff is entitled to the tax relief here sought. With the record presenting only a question of law to be determined upon undisputed facts, and the parties having stipulated as to the amount in controversy, a reversal of the judgment with directions is appropriate.

Defendants' appeal from the judgment entered February 18, 1952, is dismissed. The judgment entered April 17, 1952, is reversed with directions to the trial court to amend its findings of fact and conclusions of law in conformity with the views expressed herein, and to enter judgment for plaintiff in accord with the stipulation of the parties as to the amount in controversy.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Traynor, J., and Schauer, J., concurred.