[S.F. No. 23312. In Bank. Dec. 10, 1975.]

HOLLISTER CONVALESCENT HOSPITAL, INC.,
Plaintiff and Respondent, v.
LOUIS RICO et al., Defendants and Appellants.

**COUNSEL**

Claude L. Lowen, David L. McKeown and Loube & Lewis for Defendants and Appellants.

Coughlin, Wyckoff, Parker & Paxton and James M. Paxton for Plaintiff and Respondent.

**OPINION**

**SULLIVAN, J.**—This is an attempted appeal from a judgment in favor of plaintiff Hollister Convalescent Hospital, Inc. and against defendants Louis Rico et al., in an action for damages for breach of covenants and agreements in a lease. Plaintiff has moved that the appeal be dismissed because it was not timely filed. We grant the motion and dismiss the appeal.

The judgment in question was entered on December 19, 1974, and on the same day written notice of entry of judgment was filed by the clerk and served upon the defendants. On January 2, 1975, defendants filed timely notice of intention to move for a new trial or alternative relief under Code of Civil Procedure section 662 and intention to move for an order setting aside and vacating the judgment and entering a new judgment under Code of Civil Procedure section 663. These motions were denied on February 4, 1975; the order denying all of said motions

was entered on the permanent minutes of the court on the same date. A formal written order was prepared by plaintiff's counsel and signed by the court on February 6, 1975, and on the same day a copy of this order, along with a notice of entry accurately setting forth the date of denial of the motions and the location of the minute entry in the records of the court, was served by mail on defendants' counsel. Defendants' notice of appeal was not filed until March 7, 1975, which was the 31st day following entry of the order denying their motions under Code of Civil Procedure sections 662 and 663, and plaintiff has promptly moved to dismiss the appeal as not timely filed.

As here relevant, rule 2 of the California Rules of Court provides that, unless otherwise provided by law, "notice of appeal shall be filed within 60 days after the date of mailing notice of entry of judgment by the clerk . . . unless the time is extended as provided in rule 3."[1] The latter rule provides in pertinent part that when a motion for new trial is validly made and denied, "the time for filing the notice of appeal from the judgment is extended for all parties until 30 days after . . . entry of the order denying the motion" (Cal. Rules of Court, rule 3, subd. (a)), and that when a motion to vacate a judgment or to vacate a judgment and enter another and different judgment is validly made and denied, the time is likewise extended "until 30 days after entry of the order denying the motion to vacate" (Cal. Rules of Court, rule 3, subd. (b)). Finally, subdivision (b) of rule 2 provides in pertinent part that "For the purposes of this rule: . . . The date of entry of an appealable order which is entered in the minutes shall be the date of its entry in the permanent minutes, unless such minute order as entered expressly directs that a written order be prepared, signed and filed, in which case the date of entry shall be the date of filing of the signed order." The rules make no specific provision defining the effective date of entry of a nonappealable order for purposes of appeal from an underlying judgment.

Although an order denying a motion for a new trial is of course nonappealable (see 6 Witkin, Cal. Procedure (2d ed. 1971) § 71, pp. 4084-4085, and cases there cited), an order denying a motion to vacate made pursuant to Code of Civil Procedure section 663 has been held to be appealable (see 6 Witkin, Cal. Procedure, *supra,* § 94, pp. 4100-4102,

---

[1]California Rules of Court, rule 40, provides in pertinent part: "In these rules, unless the context or subject matter otherwise requires: . . . (g) 'Judgment' includes any judgment, order or decree from which an appeal lies."

and cases there cited). However, the order denying the latter motion[2] in this case did not direct the preparation of a written order. Therefore, according to the aforementioned provisions of rule 2, subdivision (b), subsection (2), of the California Rules of Court the date of entry of that order for purposes of the 30-day extension provided for in rule 3 was "the date of its entry in the permanent minutes"—or February 4, 1975.[3] As we now proceed to explain, the date of "entry of the order denying the motion [for new trial]" was also the date of the entry of that order in the permanent minutes of the court—February 4, 1975.

The language of our opinion in *Slawinski* v. *Mocettini* (1965) 63 Cal.2d 70 [45 Cal.Rptr. 15, 403 P.2d 143], has been cited by the parties hereto and indeed by the Courts of Appeal for a variety of propositions, some of which we will consider at a later point in this opinion. The actual holding of that case, however, is quite narrow. There the plaintiff's motion for a new trial was heard and denied on July 10, the clerk making an appropriate minute entry on the same day. On July 13 a formal order was prepared by counsel and signed by the judge, "which order recit[ed] that it was entered on that same day" (63 Cal.2d at p. 71), and a copy of that order, along with a notice of denial of the motion, was served on plaintiff's counsel. The notice, like the order, recited that the order of denial was made and entered on July 13. Plaintiff's notice of appeal was filed on August 12—which was 30 days after the signing of the formal order but 33 days after the actual entry of the order in the minutes of the court. "The question thus presented," we stated, "is whether for purposes of appeal in the instant circumstances the order denying the motion was *entered* on July 10 or July 13." (63 Cal.2d at p. 71; italics added.)

Indicating our awareness of the rule that the "effective date" of an order denying a motion for new trial is the date of the minute entry (*Pacific Home* v. *County of Los Angeles* (1953) 41 Cal.2d 855, 857 [264 P.2d 544]), as well of the provision of Code of Civil Procedure section 660 that the "entry of a new trial order in the permanent minutes of the court shall constitute a determination of the motion," we nevertheless held that these considerations offered "no assistance in fixing the date of

---

[2]As indicated above, the motion for new trial and the motion to vacate were denied in the same order. For purposes of convenience, at some points in this opinion we refer to the order as if it were two orders, one denying the motion for new trial, the other denying the motion to vacate.

[3]Since notice of appeal must be filed within the time specified by subdivision (a) of rule 2 "unless the time is extended as provided in rule 3," we are of the opinion that the application of subsection (2) of subdivision (b) of rule 2 to the order denying the motion to vacate is promotive of "the purposes" of rule 2.

entry of the order for purposes of appeal therefrom." (63 Cal.2d at p. 74.) Adverting to the policy favoring the granting of the right of appeal in doubtful cases, and noting that there was a clear conflict between the clerk's entry on the one hand, and the formal order and notice on the other, with respect to the date of actual entry, we concluded that since there were "no statutory provisions or rules which would prevent resolving the conflict in accordance with the policy above stated, while a contrary result might well provide a trap for the unwary" (63 Cal.2d at p. 72), it should accordingly be resolved in favor of the right of appeal and the order deemed to have been entered on the later date.

It is clear from the foregoing that the actual holding of *Slawinski,* as distinguished from its language (which we will consider below) is simply this: When there exists a clear conflict between the permanent minutes of the court and a formal order issued by it relative to the date of entry of an order denying a motion for new trial, that conflict is to be resolved in favor of granting the right of appeal.

■ Applying this rule to the instant case, we find no such conflict. The permanent minutes of the court clearly indicate that the motion in question was denied, and the order of denial entered, on February 4, 1975. The formal order of the court, although dated February 6, contained absolutely no indication of the date on which the minute order of denial was entered. Moreover, the notice of entry of the order of denial, which was served on defendants along with the formal order, clearly indicated that the order was entered on February 4.[4] Thus, the principle of *Slawinski* is not applicable. For purposes of appeal, as well as for all other purposes, the order denying the motion for new trial was entered on February 4, 1975. Accordingly, the notice of appeal filed on March 7, 1975, being filed after the 30th day following entry of the order, was not timely.

Defendants contend, however, that they are entitled to be relieved from their default in filing a timely notice of appeal under theories of "substantial compliance," "justifiable reliance," and "quasi-estoppel." These theories, they assert, find ample support not only in cases of this court but in cases of the Courts of Appeal decided on the basis of our

---

[4]The notice, although dated February 6, provided: "TO THE DEFENDANTS AND THEIR ATTORNEY OF RECORD HEREIN: [¶] You and each of you will please take notice that defendants' motion for a new trial and for orders under Code of Civil Procedure Sections 662 and 663 *were denied on February 4, 1975, and such order of denial was entered on said date in Book 43, Page 429 of the minutes of the above-entitled court.*" (Italics added.)

own pronouncements. As a factual basis for their arguments they allege not only the fundamental facts stated above but also the following considerations: that the associate entrusted with determining the last day on which a timely notice of appeal could be filed instructed an experienced legal secretary to telephone[5] the clerk of the trial court "to ascertain not only the date of entry [of the order denying new trial], but the book and page number as well"; that upon so doing "not one but two secretaries were advised that the date of entry was February 6, rather than the actual date, February 4"; that the efforts of the secretaries were explicitly directed to learning the date of *entry*, rather than the date of filing; and that the caution thus exhibited by defendants' attorneys, "which led them to obtain what they were advised was the correct date of entry from the Clerk of the Court, rather than rely exclusively upon ambiguous documents served upon them by opposing counsel, resulted in the filing of the notice on the thirty-first day after actual entry of the prior order."

Rule 45, subdivision (e), of the California Rules of Court, provides that "[t]he reviewing court for good cause may relieve a party from a default occasioned by any failure to comply with these rules, *except the failure to give timely notice of appeal.*" (Italics added.) The reason for this proviso was clearly stated by us in *Estate of Hanley* (1943) 23 Cal.2d 120 [142 P.2d 423, 149 A.L.R. 1250], in language which has since been reiterated by us on many occasions. "In strictly adhering to the statutory time for filing a notice of appeal, the courts are not arbitrarily penalizing procedural missteps. Relief may be given for excusable delay in complying with many provisions in the statutes and rules on appeal, such as those governing the time within which the record and briefs must be prepared and filed. These procedural time provisions, however, become effective *after* the appeal is taken. The first step, taking of the appeal, is not a procedural one; *it vests jurisdiction in the appellate court and terminates the jurisdiction of the lower court.*" (*Id.,* at p. 123; latter italics added.) The consequences of this fundamental distinction were explained at an earlier point in the opinion. "In the absence of statutory authorization, neither the trial nor appellate courts may extend or shorten the time for appeal [citation], even to relieve against mistake, inadvertence, accident, or misfortune [citations]. Nor can jurisdiction be conferred upon the appellate court by the consent or stipulation of the parties, estoppel, or waiver. [Citations.] If it appears that the appeal was

---

[5] It is asserted that the distance between the offices of defendants' counsel in Oakland and that of the San Benito County Clerk in Hollister "is such that a four hour round trip would be required for a personal inspection of the court records."

not taken within the 60-day period, the court has no discretion but must dismiss the appeal of its own motion even if no objection is made. [Citations.]" (*Id.,* at p. 123.)

The application of these principles to the particular facts of *Hanley* has great relevance to the determination of the case before us. There, in *Hanley,* an heir of the decedent, who also happened to be the executrix of the estate, sought to appeal in her capacity as heir from an order affecting money which had been inventoried as property of the estate. The notice of appeal was filed one day beyond the statutory period. Seeking relief from this default, the would-be appellant proposed to show that the attorney representing the estate had served upon her personal counsel an order reciting that the subject order had been filed and entered on December 17th, when in fact it had been filed and entered on December 12th. The misinformation was repeated when personal counsel telephoned the attorney for the estate to confirm it, and the truth did not come to light until it was too late to file a timely appeal. "Basing her opposition to the motion [to dismiss the appeal] upon these facts," we observed, "the appellant asserts that under appropriate circumstances, such as innocent and justifiable reliance upon misrepresentations, one may be relieved from the effect of delay in filing a notice of appeal; or, adopting a different theory, the respondent whose misrepresentations were the cause of the delay may be estopped to take advantage of it by a motion to dismiss." (*Id.,* at p. 122.)

Rejecting this contention, we spoke very clearly. "[I]t is immaterial whether the misrepresentations concerning the date upon which the order was filed were wilful or inadvertent, whether the reliance thereon was reasonable or unreasonable, or whether the parties seeking to dismiss are acting in good faith or not. *It may be assumed that the appellant has presented grounds for relief which would be sufficient if relief could be granted. But the requirement as to the time for taking an appeal is mandatory, and the court is without jurisdiction to consider one which has been taken subsequent to the expiration of the statutory period.* [Citations.]" (*Id.,* at p. 122; italics added.)

As suggested above, however, it is here contended that the strict jurisdictional rule of *Hanley* has been diluted by subsequent cases of this court as well as of the Courts of Appeal. It is notable that this view is shared by an eminent commentator on California law. (6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, §§ 364, 365, pp. 4336-4339, and 1975 Pocket Supp., pp. 19-20.) We therefore proceed to an examination of the cases in question.

■ The case of *Slawinski* v. *Mocettini, supra,* 63 Cal.2d 70, which we have discussed above, is described by Witkin as "[an] historic decision, which foreshadows a departure from the jurisdictional time limit." (6 Witkin, *supra,* at p. 4336.) It is quite true that in that decision we used language which might be interpreted—and in fact has been interpreted by some Courts of Appeal—to reflect a drawing away from the jurisdictional rule in favor of a more lenient standard under which compelling excuse, such as fraud, mistake, disability, or estoppel would operate to forgive noncompliance. As we have explained above, however, the broad language of that case is to be distinguished from its narrow holding. *Slawinski* holds no more and no less than that when there is a clear conflict between the permanent minutes of the court and a formal order of denial subsequently issued by it relative to the date of entry of an order denying a motion for new trial, that conflict is to be resolved for purposes of appeal in the appellant's favor. Thus, for purposes of appeal, the date of entry in such circumstances is deemed to be the later of the two conflicting dates.

It is notable that in no case of this court after *Slawinski* have we relied upon the broad language of that decision. In fact *Slawinski* has never been cited by this court in any case down to the present day. On the other hand, *Hanley* has been cited by this court on three occasions subsequent to *Slawinski* for the proposition that the time for filing an appeal is mandatory and jurisdictional. (*Vibert* v. *Berger* (1966) 64 Cal.2d 65, 67 [48 Cal.Rptr. 886, 410 P.2d 390]; *Green Trees Enterprises, Inc.* v. *Palm Springs Alpine Estates, Inc.* (1967) 66 Cal.2d 782, 787 [59 Cal.Rptr. 141, 427 P.2d 805]; *In re Benoit* (1973) 10 Cal.3d 72, 79, fn. 7 [109 Cal.Rptr. 785, 514 P.2d 97].)

In *Vibert* v. *Berger, supra,* 64 Cal.2d 65, the notice of appeal was filed well within the statutory period following entry of a judgment of dismissal, but it purported to appeal not from the judgment but from the order sustaining defendant's demurrer without leave to amend, a nonappealable order. A second notice of appeal, properly indicating appeal from the judgment, was filed well beyond the expiration of the statutory period. Holding that this second notice was ineffective to invoke appellate jurisdiction, we reiterated that "Compliance with 'the requirement as to the time for taking an appeal is mandatory, and the court is without jurisdiction to consider one which has been taken subsequent to the expiration of the statutory period.' (*Estate of Hanley* (1943) 23 Cal.2d 120, 122 . . . .)" (64 Cal.2d at p. 67.) We went on to hold,

however, that in accordance with the mandate of rule 1[6] and cases interpreting it, the first notice, which was timely filed, should be construed to apply to the existing judgment in view of the fact that no prejudice would accrue to the respondent. "Whether the error in the notice of appeal was merely one in describing the order or judgment or whether it was caused by appellant's ignorance, the notice may without prejudice to respondent reasonably be interpreted to apply to an appealable order or judgment rendered before the appeal was noticed." (64 Cal.2d at p. 70.)

It is apparent from the foregoing that the *Vibert* case can in no way be considered inconsistent with the jurisdictional rule of *Hanley, supra,* upon which it expressly relies. *Vibert* is simply one example of the application of the general and well-established rule that a notice of appeal which specifies a nonappealable order but *is timely* with respect to an existing appealable order or judgment will be construed to apply to the latter judgment or order. (See also, *Vesely* v. *Sager* (1971) 5 Cal.3d 153, 158, fn. 2 [95 Cal.Rptr. 623, 486 P.2d 151]; see generally 6 Witkin, *supra,* § 336, pp. 4313-4315.)

*In re Benoit, supra,* 10 Cal.3d 72, and the cases which it explains and applies, demonstrate but another aspect of the legitimate application of principles of construction and interpretation in the context of the jurisdictional rule of *Hanley.* Again making express reference to *Hanley* (at p. 10 Cal.3d 72, 79, fn. 7), we simply extended the principle of constructive filing, earlier developed in the case of *People* v. *Slobodion* (1947) 30 Cal.2d 362 [181 P.2d 868], to situations wherein an incarcerated criminal appellant has made arrangements with his attorney for the filing of a timely appeal and has displayed diligent but futile efforts in seeking to insure that the attorney has carried out his responsibility. Here, as in the *Slobodion* situation involving reliance on prison officials, we held that such efforts, if undertaken in a timely manner, were *in themselves* tantamount to actual filing of a timely appeal. Clearly this case, which has only been applied in situations involving incarcerated criminal appellants, provides no basis for the assertion that the strict jurisdictional principle of *Hanley* has been diluted.

As is clear from the above discussion, there is no decision of this court which may be accurately cited as authority for the proposition which defendants now advance. While applying principles of construction and

---

[6]"A notice of appeal shall be liberally construed in favor of its sufficiency." (Cal. Rules of Court, rule 1, subd. (a).)

interpretation in a manner consistent with the policy, reflected in rule 1 (see fn. 6, *ante*), of granting the right of appeal in doubtful cases, we have steadfastly adhered to the fundamental precept that the timely filing of an appropriate notice of appeal or its legal equivalent is an absolute prerequisite to the exercise of appellate jurisdiction.

The Courts of Appeal, with one significant reported exception to be noted below, have done the same. Although occasionally citing our *Slawinski* decision for propositions supported only by certain panoramic dicta therein, the cases are largely consistent with the law as we have explained it. In *Gomes* v. *Superior Court* (1969) 272 Cal.App.2d 702 [77 Cal.Rptr. 539], for instance, the question was whether a petition for a writ of mandate or prohibition following denial of a motion under Penal Code section 1538.5 had been filed in accordance with that section "within 30 days after the denial of [the] motion at the special hearing." Noting that the timely filing of the petition was jurisdictional, the court went on to state: "We cannot, therefore, excuse a late filing in the absence of any showing that the People are estopped in some fashion. (Cf. *Slawinski* v. *Mocettini* . . .; *People* v. *Martin*, 60 Cal.2d 615, 617-619 . . .; *People* v. *Slobodion* . . . .)" 272 Cal.App.2d at p. 704.) It went on to point out, however, that the facts of the case, which included an asserted representation by the court clerk that a petition mailed on the last day would be considered timely, "could not extend a jurisdictional time limit." (272 Cal.App.2d at p. 704, fn. 4.)

The case of *Desherow* v. *Rhodes* (1969) 1 Cal.App.3d 733 [82 Cal.Rptr. 138], although it relies more heavily on our *Slawinski* dicta and contains considerable discussion emphasizing the demise of "jurisdictional mystique," is wholly consistent in result with the principles we have explained. There the question, properly speaking, was not the timeliness of a notice of appeal but the jurisdictional validity of the judgment from which it was taken, it being asserted that a prior order granting a new trial was not entered in timely fashion and therefore was beyond the jurisdiction of the court. Nevertheless, looking for guidance to the cases discussing the filing of appeals, the court, after reviewing *Slobodion*, turned to *Slawinski*, prefacing its remarks by the observation that "[i]n civil appeals the doctrine of substantial compliance has enjoyed a similar flowering." (1 Cal.App.3d at p. 743.) In *Slawinski*, the Court of Appeal declared, "the [Supreme Court] found the appeal timely on two apparent grounds: (1) substantial compliance with rule 2, and (2) justifiable reliance by plaintiff on recitations in the written order which he was entitled to accept at face value. It may be seen that in *Slawinski* an

element of estoppel was involved. The same is true at bench, where defendant proceeded with the second trial without raising any question of the timeliness of the order granting a new trial until after an appeal from the second judgment had been taken." (1 Cal.App.3d at p. 744.) In summary the Court of Appeal stated: "From this brief review it is apparent that courts are inclined to construe filing requirements liberally in order to assure litigants their day in court, doctrinal theory notwithstanding. *(Slawinski v. Mocettini . . . .)*" (1 Cal.App.3d at p. 745.)

While we disapprove of the foregoing characterization of *Slawinski,* and find the Court of Appeal's discussion of estoppel[7] to be directly contrary to our *Hanley* decision, we also believe, as indicated above, that the result reached in *Desherow* was correct. The trial court there granted the motion for new trial on the 60th day after service of the notice of entry of judgment. (See Code Civ. Proc., § 660.) On the same day the court wrote out the wording of the written order in longhand and delivered it to his clerk with explicit instructions to enter the order that day in the permanent minutes of the court. The order was duly entered in the clerk's register of actions and delivered to the calendar clerk with the court's instructions as to its entry in the permanent minutes, but due to normal office procedures the two remaining steps—i.e., the placement of the clerk's entry stamp on the minute order and its photorecordation —were not actually accomplished until two days later. The Court of Appeal held, quite properly we think, that there were three elements essential to the entry of an order in the permanent minutes—to wit, preparation of a written order, recordation of its date and substance in a permanent record, and delivery to the custodian of records. Since these steps were completed before the end of the 60th day, the order in question *was entered* on that day. This reasoning, although it specifically related in *Desherow* to the validity of a new trial order rather than the taking of a timely appeal, is wholly consistent with our *holding* in *Slawinski* as well as the rule of *Hanley, supra.*

The case of *Mills* v. *Superior Court* (1969) 2 Cal.App.3d 214 [82 Cal.Rptr. 469], also contains language characterizing our *Slawinski* decision in terms of its erroneous dicta. Thus, it is stated that "[i]n substance, plaintiffs' time to appeal in *Slawinski* was extended because the defendants there were estopped to contend to the contrary. (See Witkin, Cal. Procedure (1967 Supp.) Appeal, § 124B, pp. 965-966.)" (2 Cal.App.3d at p. 219.) The result in that case, however, allowing appeal to the superior court from a judgment of a small claims court after

---

[7] It is notable that *Slawinski* contains no mention of the doctrine of estoppel.

expiration of the statutory time on the basis of representations by the clerk of the small claims court, is properly based not on the "extension" of a jurisdictional time limit but on special considerations applicable to the small claims court. As the court there points out, the rules "governing appeals in small claims cases (rule 151 et seq.) contain no rule like rules 45(c) and 138(c), both of which prohibit the reviewing court from extending the time for filing a notice of appeal. Nor are small claims appeals the subject of any rule similar to rules 45(e) and 143(b), both of which provide that '[t]he reviewing court for good cause may relieve a party from a default occasioned by any failure to comply with these rules, except the failure to give timely notice of appeal.' " (2 Cal.App.3d at p. 219.)

It is only the case of *In re Morrow* (1970) 9 Cal.App.3d 39 [88 Cal.Rptr. 142], which relies directly upon the ill-considered dicta of *Slawinski* to reach an arguably erroneous result. There the natural mother, having lost below in an adoption proceeding, moved for a new trial. The motion was heard without objection by respondents and denied on the merits. The natural mother filed her notice of appeal within 30 days after the entry of the order of denial of her motion but more than 60 days after the date of mailing of the notice of entry of judgment. No motion to dismiss the appeal was made by respondents, but in their reply brief before the Court of Appeal they raised for the first time the matter of lack of jurisdiction, urging that section 238 of the Civil Code[8] precludes a motion for new trial in the proceeding there before the court, that the motion was therefore a nullity, and that the notice of appeal, being filed beyond the 60th day, was not timely. The Court of Appeal, however, found it unnecessary to decide whether section 238 had the legal effect urged by defendants. "For the purposes of this case," the court held, "and pursuant to the policy enunciated in *Slawinski* v. *Mocettini, supra,* [9] it is sufficient to determine that [respondents], having failed to raise the point before, are now estopped to urge a construction of Civil

---

[8]Section 238 provides: "Any order and judgment of the court declaring a minor person free from the custody and control of any parent or parents under the provisions of this chapter shall be conclusive and binding upon such minor person, upon such parent or parents and upon all other persons who have been served with citation by publication or otherwise as provided in this chapter. After making such order and judgment, the court shall have no power to set aside, change, or modify it, but nothing in this section shall be construed to limit the right to appeal from such order and judgment."

[9]In its earlier discussion of *Slawinski* the court had stated: "The case is generally viewed as recognizing that late filing of a notice of appeal may be relieved by proof of estoppel. (See *Mills* v. *Superior Court . . .; Desherow* v. *Rhodes . . .; Gomes* v. *Superior Court . . .;* and Witkin, Cal. Procedure (1967 Supp.) Appeal, § 124B, pp. 965-966.)" (9 Cal.App.3d at p. 45.)

Code section 238 which would preclude this appeal." (9 Cal.App.3d at p. 46.)

The case of *Thompson, Curtis, Lawson & Parrish* v. *Thorne* (1971) 21 Cal.App.3d 797 [98 Cal.Rptr. 753], represents an admirable attempt by a Court of Appeal to discern a more-or-less consistent pattern in the cases. There the notice of appeal was filed three days late due to a delay in mailing, but the respondent had failed to move for dismissal until a period of more than two months had elapsed and appellant had incurred substantial expenses in preparation for the appeal. After pointing out that delay in mailing could not excuse the late filing, the court addressed itself to the question of estoppel. Rejecting the contention that the time for filing of a notice of appeal "is no longer jurisdictional, and may be cured by a showing of facts establishing an estoppel or other compelling excuse," the court went on to show that "even assuming that an estoppel may form the basis for an exception to the jurisdictional rule, appellant has not shown facts which would support such exception in the present case." (21 Cal.App.3d at p. 801.) This assumption was made necessary, the court noted, by "various decisions [which] have cast doubt upon some dimensions of [the] current validity" of the jurisdictional rule. (*Id.,* at p. 802.) "These cases," the court went on, "emphasize another—but not necessarily conflicting—policy consideration: i.e., that doubtful cases should be resolved in favor of the right of appeal. As cited by appellant, such decisions reflect 'doubtful' cases within the meaning of the policy just mentioned, but in most of them the 'doubt' had nothing to do with estoppel." (*Id.,* at p. 802.) The Court of Appeal then proceeded to make a correct assessment of *Vibert* v. *Berger, supra,* 64 Cal.2d 65, *Deward* v. *La Rue* (1965) 235 Cal.App.2d 59 [44 Cal.Rptr. 886] (another "misdescription" case), and *Mills* v. *Superior Court, supra,* 2 Cal.App.3d 214.

Turning to the only two "doubtful" decisions which it deemed to involve elements of estoppel, the court then proceeded to characterize *Slawinski* v. *Mocettini, supra,* 63 Cal.2d 70, as holding "that appellant was entitled to rely upon the notice [of entry of the order denying a new trial] as given, and was not required to search the permanent minutes of the clerk for an earlier minute entry." (21 Cal.App.3d at p. 802.) From this characterization the court concluded—erroneously but quite understandably in light of the persistent dicta in *Slawinski*—that a limited estoppel exception to the jurisdictional rule did exist, governed by the recognized elements of estoppel in pais. These elements, it held, "were arguably present in the *Slawinski* case," but they were by no means present in *In re Morrow, supra,* 9 Cal.App.3d 39, or in the case before the

Court of Appeal—both of which involved circumstances occurring *after* the filing of the notice of appeal. Accordingly, the court declined to follow *Morrow* and ordered the appeal dismissed.

We agree with the *Thompson* court that *Morrow* reaches an improper result and is wrongly decided; we hasten to disapprove it. It is manifest, however, from the review just completed, that more than this is needed to restore the message of *Hanley* to its former clarity. Because much of the present uncertainty can be traced directly to our unnecessary and overbroad dicta in *Slawinski,* we must also express our disagreement with any language in that case which suggests that the notion of estoppel has any place in determining whether a timely notice of appeal has been filed within the jurisdictional period therefor. The expiration of a jurisdictional period is not, and by its nature cannot, be affected by the actions of the parties. To reiterate the words of *Hanley:* "[I]t is immaterial whether the misrepresentations concerning the date upon which the order was filed [are] wilful or inadvertent, whether the reliance thereon [is] reasonable or unreasonable, or whether the parties seeking to dismiss are acting in good faith or not. . . . [*T*]*he requirement as to the time for taking an appeal is mandatory, and the court is without jurisdiction to consider one which has been taken subsequent to the expiration of the statutory period.*" (*Estate of Hanley, supra,* 23 Cal.2d 120, 122; italics added.)

What we have said in no way conflicts with the well-established policy, based upon the remedial character of the right of appeal, of according that right in doubtful cases "when such can be accomplished without doing violence to applicable rules." (*Slawinski* v. *Mocettini, supra,* 63 Cal.2d 70, 72.) As we have indicated, there are many cases in which this policy, implemented *in accordance* with "applicable rules," will lead to a determination, based on construction and interpretation, that timely and proper notice of appeal must be deemed in law to have been filed within the jurisdictional period. ■ We simply hold today that when such notice has not in fact been filed within the relevant jurisdictional period—and when applicable rules of construction and interpretation fail to require that it be deemed in law to have been so filed—the appellate court, absent statutory authorization to extend the jurisdictional period, lacks all power to consider the appeal on its merits and must dismiss, on its own motion if necessary, without regard to considerations of estoppel or excuse.

"It by no means follows that one who has failed to file a notice of appeal within the statutory time is always without remedy. For example, where after a judgment has been rendered against a person he is entitled to take proceedings looking to its reversal or modification and he is prevented from doing so by the fraud or duress of the other party until it is too late, or when he has been prevented from taking an appeal because of circumstances over which he has no control, he is entitled to equitable relief from the judgment. (See Rest., Judgments, § 125, comment b; Id., § 112.) Such relief may be invoked in the unusual case of fraud or hardship, without interfering with the rules governing jurisdiction of an appeal." (*Estate of Hanley, supra,* 23 Cal.2d 120, 124.)

The motion is granted and the appeal is dismissed.

Wright, C. J., McComb, J., Clark, J., and Richardson, J., concurred.

**TOBRINER, J.**—I dissent. We created the time limits on the filing of a notice of appeal for a purpose: to promote the speedy and efficient administration of justice. We should interpret and apply those limits not blindly, as do the majority, but with a sensitivity to the objectives which those limits serve.

I believe the unanimous opinion authored by Justice Peek in *Slawinski v. Mocettini* (1965) 63 Cal.2d 70 [45 Cal.Rptr. 15, 403 P.2d 143] exemplifies this sensitive and purposeful interpretation of the rules governing the filing of a notice of appeal, and provides a guide for resolution of the present case. In *Slawinski,* the court clerk entered the order denying plaintiffs' motion for a new trial in the minutes of July 10. Plaintiffs, however, relied on the written order of the judge and the notice prepared by defense counsel, both of which indicated that the order denying a new trial was entered on July 13. Holding plaintiffs' appeal was timely, we stated that "an attorney should be entitled to accept such documents at face value where they appear to be proper and consistent with the proceedings. In the absence of any statute, rule, or other circumstance it is not required that he search the permanent minutes of the court to check for an earlier minute entry, and certainly he could not reasonably be expected to do so. To hold that the 30-day period within which to file an appeal commenced to run on the entry of the instant minute order would only promote injustice." (63 Cal.2d 70, 72-73.)

The present case presents an analogous situation. Having received a notice of entry of the court's order denying a new trial which counsel considered ambiguous as to the date of entry of the order, counsel was in doubt concerning the time limit for filing a notice of appeal. For counsel to travel from Oakland to the office of the San Benito County Clerk in Hollister and personally search the minutes of the court would involve an inefficient and wasteful procedure. The sensible course for counsel to follow would be to inquire by telephone. When the clerk of the superior court twice reported in response to telephone inquiries that the order was entered on February 6, counsel had no reason to doubt the accuracy of that representation, and no reasonable way to inquire further. Counsel therefore relied upon the clerk's representation and filed the notice of appeal within 30 days from February 6.[1] Since the reliance of counsel appears reasonable, and the delay is a matter of only one day, I would follow the reasoning of *Slawinski* and deny the motion to dismiss the appeal.[2]

The majority, however, dismiss the relevant language of *Slawinski* as "panoramic, . . . erroneous, . . . persistent, . . . unnecessary and overbroad dicta," and, confining the holding of *Slawinski* to its narrowest possible scope, reject the spirit which animated that opinion. Yet the majority do not expressly disagree with anything *Slawinski* said; they do not, for example, maintain that an attorney cannot reasonably rely upon representations from court or counsel, that he must personally examine the minutes of the court, or that no injustice ensues when an appeal is barred because an attorney reasonably relied upon a false or mistaken representation. Instead the gist of the majority opinion is that once a time limit is labeled "jurisdictional," questions of reasonable reliance,

[1] One wonders why appellants' counsel delayed until what he thought was the 29th day of the 30-day period before filing the notice of appeal; presumably careful counsel do not walk so near the edge of the cliff without good reason. The majority opinion, however, renders further inquiry into counsel's reason irrelevant.

[2] Respondent in the instant case conceded that *Slawinski* had impliedly overruled the strict jurisdictional rule of *Estate of Hanley* (1943) 23 Cal.2d 120 [142 P.2d 423, 149 A.L.R. 1250], but contended that *Slawinski* was distinguishable on three grounds: that the present case involved no misrepresentation by respondents; that appellants' counsel had reason to doubt the correctness of the clerk's representation; and that the clerk's representation was not written. None of these distinctions are adequate. *Slawinski* rests upon principles of reasonable reliance, not estoppel, so the source of the erroneous representation is inconsequential. I find nothing unreasonable in the decision of appellants' counsel to rely on the statement of the court clerk, who had the minute book in his possession, instead of on the ambiguous written notice from opposing counsel. Finally, the oral nature of the clerk's representation is immaterial unless one questions the truthfulness of appellants' affidavits, but neither respondents nor the majority raise any such factual issue.

efficient administration, or substantial justice no longer matter. Jurisdictional limits, implacable and merciless, stand above such considerations. Thus like King Darius, compelled by the immutable laws of the Medes and Persians to condemn Daniel to the lion's den, the majority believe themselves compelled to act with blind injustice.

The short answer to such legal pedantry is that the time limit on filing a notice of appeal is only as jurisdictional as we want it to be. No constitutional provision, statute, or rule declares the limit to be jurisdictional. To the extent that some earlier cases such as *Estate of Hanley, supra,* 23 Cal.2d 120, imply that appellate courts must enforce such time limits blindly and without thought to considerations of efficiency or equity, those decisions are contrary to the weight of present authority. (See *Slawinski* v. *Mocettini, supra,* 63 Cal.2d 70; *Desherow* v. *Rhodes* (1969) 1 Cal.App.3d 733, 743-745 [82 Cal.Rptr. 138]; 6 Witkin, Cal. Procedure (2d ed. 1971) pp. 4336-4339.)

In criminal matters we have refused to dismiss an appeal when "the prisoner did not file the written notice of appeal in time because he relied upon representations or conduct of prison officials which lulled him into a false sense of security." (*In re Benoit* (1973) 10 Cal.3d 72, 83 [109 Cal.Rptr. 785, 514 P.2d 97], see *People* v. *Head* (1956) 46 Cal.2d 886, 889-890 [299 P.2d 872]; *People* v. *Rascon* (1954) 128 Cal.App.2d 118, 120 [274 P.2d 899]; *People* v. *Calloway* (1954) 127 Cal.App.2d 504 [274 P.2d 497].) We uphold such late filing although it is incongruous with the theory that the court *lacks jurisdiction* to do so. We attempt to overcome the dilemma by decreeing that we will deem the appellant to have *constructively* filed a timely appeal.

With deference to the majority, I submit that the use of these transparent fictions manifests the fact that the court is in reality not dealing with these issues on a "jurisdictional" basis at all. We recognized as much in *In re Benoit, supra,* in which we stated that "the principle of constructive filing . . . in our view embodies nothing more than a basis for judicial acceptance of an excuse for the appellant's delay in order to do justice." (10 Cal.3d at p. 84.) Disguising a doctrine of reasonable reliance under the legal fiction of constructive filing may maintain the illusion that time limits for filing an appeal are jurisdictional, but the cases involving this doctrine demonstrate that the court can pierce that illusion whenever necessary "in order to do justice." *(Id.)* Thus the majority are not compelled to disregard the reasonable reliance by appellants' counsel or to overlook the manifest inefficiency of a rule

requiring attorneys personally to peruse the minutes of the court to verify the date of entry of orders. They are free to consider such matters and, in light of that consideration, to arrive at a reasonable and just disposition of the motion before them. I believe they err in not doing so.

I dissent also to the "panoramic, erroneous, persistent, unnecessary and overbroad dicta" of the majority opinion. Ranging far beyond the facts and arguments of the instant case, the majority assert that neither estoppel nor waiver is a defense to a motion to dismiss an untimely appeal. I think the majority opinion probably errs on both counts, and that its dicta on such matters will foster judicial inefficiency; in any event I believe the resolution of such controversies should await a case in which they are properly presented to the court. It is only too easy to decide in the abstract that estoppel and waiver will not be recognized as defenses, but if this court confronted a concrete case in which the respondent had deceived the appellant or trifled with the court, we might well reach a different result.

In declaring that proof of estoppel cannot justify the late filing of a notice of appeal, the majority proffer no reason other than the repeated assertion that such time limits are jurisdictional. Yet as the majority recognize, a party deceived into filing a late notice of appeal can bring an independent equitable action to set aside the judgment. The problem with that remedy is that if the appellant prevails in his equitable action, the consequence is not to reinstate the appeal but to reopen the trial court judgment, thus requiring a wholly unnecessary retrial of the original cause. Thus the practical effect of judicial refusal to acknowledge estoppel as a defense to a motion to dismiss is simply to force the deceived appellant to substitute a time-consuming and inefficient remedy for a speedy and efficient determination of the matter.

The majority range even further afield to disapprove the decision of the Court of Appeal in *In re Morrow* (1970) 9 Cal.App.3d 39 [88 Cal.Rptr. 142]. *Morrow* held that respondents who briefed an appeal on its merits and filed no motion to dismiss had waived their right to assert that the appeal was untimely filed. Since in the present case respondent promptly filed its motion to dismiss, *Morrow* is not on point and disapproval of that case is entirely unnecessary.

The majority's overruling of *Morrow* is yet another illustration of how insistence upon the "jurisdictional" character of rules 2 and 3 will defeat the objective of those rules. The smooth and efficient operation of the

appellate process requires that respondents file their motion to dismiss an appeal promptly, before the court spends unnecessary effort in preparing for argument and opinion. Yet if the timeliness of the notice of appeal is jurisdictional, as the majority use that term, that matter can be raised at any time. The respondent would then have no incentive to raise the issue promptly; he might prefer to wait until the court filed its opinion on the merits, and then act before that opinion became final. The majority opinion leaves the appellate courts without effective sanctions to prevent such tactics.

In summary, the labeling of the time limit on the filing of a notice of appeal "jurisdictional" logically implies that we should dismiss the instant appeal, but the policies underlying the creation of those time limits oppose the dismissal. In such a conflict, the underlying policy must prevail; juridical concepts, such as the concept of "jurisdictional" time limits, are not the masters but the servants of the courts.

I submit that we sometimes become so enamored with procedural rules and requirements that we allow them to take on a sanctity and inviolability of their own. Let us not forget that the rules were designed to afford litigants an opportunity for fair trial, and that their viability lies in effecting functional justice. We do not mean, of course, that the rules should be grossly violated or that justice itself be delayed. But here the delay was miniscule; yet the majority, in order to block the litigant's appellate day in court, have themselves struck down decisions that allow it.

Mosk, J., concurred.