[Civ. No. 14644. Fourth Dist., Div. One. Aug. 25, 1976.]

WESLEY BLILER et al., Plaintiffs and Appellants, v.
CITY OF SAN DIEGO et al., Defendants and Respondents.

**COUNSEL**

William Duerksen for Plaintiffs and Appellants.

John W. Witt, City Attorney, Donald W. Detisch, Deputy City Attorney, Gray, Cary, Ames & Frye and Richard A. Burt for Defendants and Respondents.

## OPINION

AULT, J.—Plaintiff Wesley Bliler and others filed a complaint in the Superior Court of San Diego County challenging the validity of an assessment ordered by the San Diego City Council in its Resolution No. 211118 of July 18, 1974. Their complaint requested the cancellation of the assessment and the assessment district formed for San Diego Park District No. 12F-Tecolote Canyon.

The assessment and the district attacked were the result of a series of resolutions adopted by the San Diego City Council declaring the intention of the city to form the district and levy the assessment and describing the mode and manner in which it would be accomplished. These resolutions stated the proceedings relating to the formation of the district and the levying of the assessment would be pursuant to Division 8 of the San Diego Park District Procedural Ordinance of 1969, which incorporated by reference the provisions of the Municipal Improvement Act of 1913 (Sts. & Hy. Code, § 10000 et seq.).

Judgment was entered in favor of the city on July 15, 1975, and notice of entry of judgment was mailed by the clerk two days later. Plaintiffs filed their notice of appeal on August 22, 1975, 37 days after the judgment was entered. Before the record was filed, the city moved to dismiss the appeal, contending it was not filed within the time prescribed by law and that the court was without jurisdiction to hear and determine the appeal. We initially ordered the motion to dismiss consolidated with the appeal on the merits. After the record was filed, we vacated that order and calendared the motion to dismiss for oral argument. The matter has been briefed, argued orally and is ready for determination. The sole issue presented is whether the appeal was timely filed.

Rule 2(a) of the California Rules of Court provides: "*Except as otherwise specifically provided by law,* notice of appeal shall be filed within 60 days after the date of mailing notice of entry of judgment by the clerk of the court pursuant to section 664.5 of the Code of Civil Procedure, or within 60 days after the date of service of written notice of entry of judgment by any party upon the party filing the notice of appeal, or within 180 days after the date of entry of the judgment, whichever is earliest, unless the time is extended as provided in rule 3." (Italics added.)

By the terms of the rule, statutory provisions regulating the time within which an appeal may be filed in specific instances prevail over the normal 60-day limitation period established by the rule itself. In support of its motion to dismiss the appeal, the City relies upon two statutory provisions, both of which limit the time in which an appeal can be filed to within 30 days from the date of entry of judgment.

First, the city points out that Division 8 of the San Diego Park District Procedural Ordinance of 1969, pursuant to which the challenged district was formed and the assessment levied, incorporates by reference the Municipal Improvement Act of 1913[1] (Sts. & Hy. Code, § 10000 et seq.). Streets and Highways Code section 10400, a part of the 1913 act provides: "The validity of an assessment or supplementary assessment levied under this division shall not be contested in any action or proceeding unless the action or proceeding is commenced within 30 days after the assessment is levied. *Any appeal from a final judgment in such an action or proceeding shall be perfected within 30 days after the entry of judgment.*" (Italics added.)

The city also supports its contention the appeal was filed too late by invoking the provisions of section 329.5 of the Code of Civil Procedure which reads: "The validity of an assessment or supplemental assessment against real property for public improvements, the proceedings for which are prescribed by the legislative body of any chartered city, shall not be contested in any action or proceeding unless the action or proceeding is commenced within 30 days after the assessment is levied, or such longer period as the legislative body may provide. *Any appeal from a final judgment in such an action or proceeding shall be perfected within 30 days after the entry of judgment.*" (Italics added.)

Despite the explicit language of the quoted sections of the Code of Civil Procedure and the Streets and Highways Code limiting the time to perfect an appeal from a judgment in an action contesting the validity of an assessment to 30 days from the date of entry of judgment, plaintiffs insist their case is governed by the 60-day rule and that the motion to dismiss should be denied.

---

[1]The first section of the Park District Procedural Ordinance reads: "The Municipal Improvement Act of 1913 (commencing with Section 10000, Streets and Highways Code) is incorporated in and made a part of this Ordinance. Except as otherwise provided in this Ordinance, the mode and manner for making acquisitions and improvements, for the levying and collecting of special assessments and for the issuance of bonds to represent unpaid assessments shall be as prescribed by said Municipal Improvement Act of 1913." (*San Diego Mun. Code,* § 61.0801.)

First, plaintiffs attempt to defeat the motion by relying on a section of the city's procedural ordinance which requires an action contesting a resolution forming an assessment district to be filed within *60 days* after the resolution is adopted. That provision extends the time for filing original proceedings contesting an assessment beyond the 30 days allowed by Code of Civil Procedure section 329.5. Such an extension by the legislative body of a chartered city is specifically authorized by the code section. Section 329.5 does not authorize the legislative body of a chartered city to extend the 30-day period in which an appeal from such a judgment may be filed, and the ordinance in question makes no attempt to do so. We are here concerned with whether the appeal, not the original action, was timely filed. The provision in the ordinance upon which plaintiffs rely is unrelated to that issue.

The principal argument advanced in opposition to the motion to dismiss is that the 1913 act does not include within its definition of authorized "improvements" the acquisition of land for a public park (see Sts. & Hy. Code, §§ 10002, 10100, and 10100.5). From this premise, plaintiffs assert the 30-day time limit to perfect an appeal contained in the act cannot apply to their action. They make the same argument as to the 30-day limitation contained in Code of Civil Procedure section 329.5, using the 1913 act's definition of "improvement."

Plaintiffs misconstrue the nature of the action initiated by the city. In forming the Tecolote Canyon Park District and in levying the assessment, the city was not acting under the authority of the 1913 act, but rather was exercising plenary power as a chartered city. The procedural ordinance enacted by the city specifically states: "In addition to the purposes authorized by the Municipal Improvement Act of 1913, proceedings may be taken pursuant to this Ordinance for the acquisition, improvement and maintenance of open space lands for park and recreation purposes." (San Diego Mun. Code, § 61.0802.)

Obviously by incorporating the provisions of the 1913 act into the ordinance to provide ". . . the mode and manner for making acquisitions and improvements, for the levying and collecting of special assessments and for the issuance of bonds to represent unpaid assessments . . ." (San Diego Mun. Code, § 61.0801), the city did not limit the purposes for which the ordinance could be used to those defined in the 1913 act.

We likewise reject plaintiffs' contention that real property acquired for park and recreation purposes is not a public improvement

within the meaning of Code of Civil Procedure section 329.5, and that the term "public improvements" as used in that section refers only to those defined in the 1913 act. The code section was enacted in 1959, many years after the passage of the 1913 act. Since it places the identical limitation on the time to perfect an appeal as is contained in the 1913 act, the term "public improvement" used in the section can only be interpreted to mean any public purpose for which a chartered city has the power to levy an assessment. Unless given that definition, the enactment of the section would have been superfluous.

Plaintiffs' complaint clearly contested an assessment against real property for a public improvement levied by the City of San Diego, a chartered city. Their appeal was filed 37 days after final judgment was entered in the superior court. Code of Civil Procedure section 329.5 requires such an appeal to be filed within 30 days after entry of judgment. The appeal was not timely filed and this court is without jurisdiction to consider it on its merits (*Hollister Convalescent Hosp., Inc.* v. *Rico,* 15 Cal.3d 660, 674 [125 Cal.Rptr. 757, 542 P.2d 1349]). This conclusion makes it unnecessary for us to discuss or determine the city's further contention the appeal was not filed within the time prescribed by the 1913 act (Sts. & Hy. Code, § 10400).

The motion to dismiss the appeal is granted. The appeal is dismissed.

Brown (Gerald), P. J., and Cologne, J., concurred.

A petition for a rehearing was denied September 13, 1976, and appellants' petition for a hearing by the Supreme Court was denied October 21, 1976.