[No. D005185. Fourth Dist., Div. One. May 18, 1988.]

JOSE G. RAMIREZ, Plaintiff and Appellant, v.
EDUARDO D. MORAN et al., Defendants and Respondents.

432

COUNSEL

Glen W. Charos for Plaintiff and Appellant.

Cruse, Duke & Hultquist and Allen C. Hultquist for Defendants and Respondents.

OPINION

**TODD, Acting P. J.**—This is an attempted appeal from a judgment in favor of defendants Eduardo D. Moran et al. and against plaintiff Jose G. Ramirez, after a court trial in an action for declaratory relief and to quiet title. Moran contends the appeal should be dismissed because it was not timely filed. We agree and dismiss the appeal.

The judgment in question was entered on June 20, 1986. The next day, Moran's attorney mailed a conformed copy to Ramirez's attorney. On July 29, 1986, Ramirez filed a notice of motion to vacate judgment in which he sought a new trial. On August 19, 1986, the judge sitting in the civil law and motion department of the superior court removed Ramirez's motion from the calendar saying that pursuant to Code of Civil Procedure[1] section 661, a motion for new trial should be heard and determined by the judge who presided at the trial. The August 19th court minutes reflect "Counsel for plaintiff is directed to re-file and re-notice for motion to be heard before Judge Montgomery [the trial judge]." On September 17, 1986, Ramirez filed a notice of appeal.

DISCUSSION

I

■ Did Ramirez file a motion to vacate judgment or a motion for a new trial?

In his July 29, 1986, motion, Ramirez sought a new trial "on the grounds that the judgment was taken against [him] through his inadvertance [sic], surprise and excusable neglect and due to extringic [sic] mistake as to newly discovered evidence . . . ." Although Ramirez designated this motion as a motion to vacate judgment, the relief he sought and the grounds he cited for that relief are inconsistent with a motion to vacate judgment.

Section 663 provides, in pertinent part: "A judgment or decree, when based upon a decision by the court, . . . may, upon motion of the party aggrieved, be set aside and vacated by the same court, and another and different judgment entered, for either of the following causes, materially affecting the substantial rights of the party and entitling the party to a different judgment: [¶] 1. Incorrect or erroneous legal basis for the decision, not consistent with or not supported by the facts; and in such case when the

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise specified.

judgment is set aside, the statement of decision shall be amended and corrected."

One commentator has noted, "The statute does not contemplate merely the setting aside of the judgment, as does a motion for new trial or a motion for relief from default under C.C.P. 473. It expressly provides for *vacating the judgment and entering of another judgment.* Hence, an order of vacation, without directing entry of a new judgment, is void." (8 Witkin, Cal. Procedure (3d ed. 1985) Attack on Judgment in Trial Court, § 141, p. 544, italics in original.)

Section 657 lists the grounds on which a party may seek an order granting a new trial and includes: "3. Accident or surprise, which ordinary prudence could not have guarded against; [¶] 4. Newly discovered evidence, material for the party making the application, which he could not, with reasonable diligence, have discovered and produced at the trial; . . ." Without commenting on the merits of Ramirez's motion, it appears clear it more properly should have been denominated as a motion for a new trial rather than a motion to vacate. We shall treat it as such. (See *Gossman* v. *Gossman* (1942) 52 Cal.App.2d 184 [126 P.2d 178], *Gardner* v. *Rich Mfg. Co.* (1945) 68 Cal.App.2d 725 [158 P.2d 23]; 8 Witkin, Cal. Procedure (3d ed. 1985) Attack on Judgment in Trial Court, § 107, p. 510.) In doing so, we note that the time provisions and limits for a motion for new trial and a motion to vacate judgment are the same. (See §§ 659, 663a.)

## II

Does Ramirez's motion extend the time period for filing his notice of appeal beyond the normal 60-day period?

Rule 2(a) of the California Rules of Court[2] provides that unless otherwise provided by law, "notice of appeal shall be filed . . . within 60 days after the date of service of written notice of entry of judgment by any party upon the party filing the notice of appeal . . . unless the time is extended as provided by rule 3." Rule 3 provides in pertinent part that when "a valid" motion for a new trial is made, and the motion is denied, "the time for filing the notice of appeal from the judgment is extended for all parties until 30 days after either entry of the order denying the motion or denial thereof by operation of law, but in no event may such notice of appeal be filed later than 180 days after the date of entry of the judgment whether or not the

---

[2] All rule references are to the California Rules of Court unless otherwise specified.

motion for new trial has been determined." (Subd. (a).) For purposes of this case, the operative word in rule 3 is "valid."[3]

Section 659 contains the time limits for filing a notice of intention to move for a new trial. Section 659 provides in pertinent part the notice must be filed either "1. Before the entry of judgment; or [¶] 2. Within 15 days of the date of mailing notice of entry of judgment by the clerk of the court pursuant to Section 664.5, or service upon him by any party of written notice of entry of judgment, or within 180 days after the entry of judgment, whichever is earliest;"

Here, Ramirez's notice of motion was filed on July 29, 1986, 38 days after the entered judgment was mailed to his attorney. Should we treat the mailing of the entered judgment as service? The record does not contain an affidavit of proof of service. Instead, the record includes a cover letter dated June 21, 1986, from Moran's attorney to Ramirez's trial counsel which states that a conformed copy of the judgment is enclosed and a declaration by Moran's counsel that the letter is a "true and correct copy of a cover letter to [Ramirez's trial counsel], . . . attached to which was a conformed copy of the Judgment." The record also includes a copy of the original judgment, which Ramirez's trial counsel approved as to form and content on June 13, 1986, and a letter from the office of Ramirez's trial counsel that acknowledges his receipt of the original judgment and requests he be provided with a conformed copy of the judgment when available. Nothing in this record shows Ramirez has ever disputed his trial counsel received notice of the entry of judgment. The fact that the record does not include a customary proof of service is not material here. We are concerned with whether there was sufficient notice of entry of judgment rather than proof of service. On this record, we conclude the notice of entry of judgment was sufficient.

In *National Advertising Co.* v. *City of Rohnert Park* (1984) 160 Cal.App.3d 614 [206 Cal.Rptr. 696], the secretary for respondent's attorney declared she had left an endorsed filed copy of the judgment at the office of appellant's counsel with the person who apparently was in charge. (See § 1011.) Appellant's counsel argued there was no proof of service on file

---

[3] We note that rule 3 provides in pertinent part that when a motion to vacate judgment is validly made, "the time for filing the notice of appeal from the judgment is extended for all parties until the earliest of 30 days after entry of the order denying the motion to vacate; or 90 days after filing the first notice of intention to move to vacate the judgment; or 180 days after entry of the judgment." (Subd. (b).) Although these time provisions differ from those for a motion for new trial, they also are premised on having a valid motion. Since Ramirez's motion, whether it be a motion for new trial or a motion to vacate judgment, was not timely valid under section 659 or 663a, rule 3 would not in either event have operated to extend the filing period for the notice of appeal.

indicating he had been served with notice of entry of judgment. The Court of Appeal held this was sufficient to constitute notice of entry of judgment for purposes of triggering the 60-day period of rule 2(a). The court observed: "[N]otice of entry of judgment must be in writing. However, no particular form is required; any notice in writing which will convey to a losing party that judgment has been entered is sufficient." (*Id.* at p. 618.)

 Since the mailing on June 21, 1986, of the entered judgment was written notice sufficient to trigger the 15-day time limit of section 659, Ramirez's notice of motion was not timely filed. ██ ██ ██ ██ Hence, his motion is not a valid motion, and rule 3 does not apply.[4]

## III

 Was Ramirez's notice of appeal timely filed to convey jurisdiction upon this court?

Ramirez's notice of appeal—filed September 17, 1986, or 88 days after the entered judgment was mailed to his attorney—is untimely under rule 2. The matter is jurisdictional and goes to the very power of this court to act.

 Rule 45(e) provides that "[t]he reviewing court for good cause may relieve a party from a default occasioned by any failure to comply with these rules, *except the failure to give timely notice of appeal*." (Italics added.) Only a timely filed notice of appeal can invoke the jurisdiction of this court. (*Estate of Hanley* (1943) 23 Cal.2d 120, 123 [142 P.2d 423, 149 A.L.R. 1250].) The *Hanley* court noted: "In strictly adhering to the statutory time for filing a notice of appeal, the courts are not arbitrarily penalizing procedural missteps. Relief may be given for excusable delay in complying with many provisions in the statutes and rules on appeal, such as those governing the time within which the record and briefs must be prepared and filed. These procedural time provisions, however, become effective *after* the appeal is taken. The first step, taking of the appeal, is not merely a procedural one; it vests jurisdiction in the appellate court and terminates the jurisdiction of the lower court." (*Ibid.*)

The Supreme Court's decision in *Hollister Convalescent Hosp., Inc.* v. *Rico* (1975) 15 Cal.3d 660 [125 Cal.Rptr. 757, 542 P.2d 1349] is in accord.

---

[4]We express our disapproval of Moran's citation of a depublished case, *Song* v. *Smatko* (Cal.App.) (2 Civ. 68870) as authority. The case was deleted from the Official Reports per order of the Supreme Court on January 31, 1985; hence we cannot consider it, and Moran should not have cited it as authority in his brief. (Rule 976, 977; see also *County of Los Angeles* v. *Surety Ins. Co.* (1984) 152 Cal.App.3d 16, 22 [199 Cal.Rptr. 351].)

After an exhaustive review of the previous case law in the area, the *Hollister* court held that when notice of appeal "has not in fact been filed within the relevant jurisdictional period—and when applicable rules of construction and interpretation fail to require that it be deemed in law to have been so filed—the appellate court, absent statutory authorization to extend the jurisdictional period, lacks all power to consider the appeal on its merits and must dismiss, on its own motion if necessary, without regard to considerations of estoppel or excuse." (*Id.* at p. 674.)

## DISPOSITION

Appeal dismissed.[5]

Benke, J., and Haden, J.,* concurred.

---

[5] Moran's request for sanctions under *In re Marriage of Flaherty* (1982) 31 Cal.3d 637 [183 Cal.Rptr. 508, 646 P.2d 179] is denied.

* Assigned by the Chairperson of the Judicial Council.