Filed 3/25/14  Wilhite v. Drake CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| JACLYN CORNELIA WILHITE,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>JIMMY F. DRAKE,<br><br>    Defendant and Respondent. | F066567<br><br>(Super. Ct. No. CV-270988)<br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Kern County.  Sidney P. Chapin, Judge.

Jaclyn Cornelia Wilhite, in pro. per., for Plaintiff and Appellant.

Kaufman Borgeest and Ryan, Jeffrey S. Whittington and Vanessa K. Manolatou for Defendant and Respondent.

-ooOoo-

Plaintiff appeals from the judgment entered after defendant's motion for summary judgment was granted. We conclude plaintiff's appeal was untimely and she failed to identify any reversible error. Consequently, we dismiss plaintiff's appeal.[1]

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, acting in propria persona, sued defendant for alleged dental malpractice. Defendant moved for summary judgment, supported by the declaration of defendant containing his expert opinion that his treatment of plaintiff met the applicable standard of care. Plaintiff failed to file opposition or appear at the hearing of the motion. The trial court granted the motion and entered judgment in favor of defendant. On October 3, 2012, defendant served notice of entry of judgment on plaintiff.

On November 6, 2012, plaintiff filed a motion to vacate the judgment, which the trial court denied on December 10, 2012. On January 7, 2013, plaintiff filed her notice of appeal from the judgment.

**DISCUSSION**

**I.      Timeliness of Appeal**

Defendant contends plaintiff's appeal must be dismissed because the notice of appeal was not timely filed. "The time for appealing a judgment is jurisdictional; once the deadline expires, the appellate court has no power to entertain the appeal. [Citation.]" (*Van Beurden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc*. (1997) 15 Cal.4th 51, 56.) Ordinarily, when one of the parties serves a notice of entry of judgment on the other party, a notice of appeal must be filed within 60 days after the date

---

[1]      We have effectively granted defendant's July 22, 2013, Motion to Correct Defective Case Caption. The court's practice is to determine independently the appropriate caption for each case, not to adopt the caption used on either party's brief. We have determined and used the appropriate caption based upon the pleadings and papers filed in this court and in the trial court.

of service of the notice of entry of judgment.  (Cal. Rules of Court, rule 8.104.[2])  If, however, within the period of time for filing a notice of appeal, a party files a valid motion to vacate the judgment, the time to appeal from the judgment is extended until the earliest of:  30 days after the court clerk or a party serves an order denying the motion or a notice of entry of that order, 90 days after the motion was filed, or 180 days after entry of judgment.  (Rule 8.108(c).)  Here, plaintiff filed a motion to vacate the judgment within 60 days after service of the notice of entry of judgment.  It was effective to extend plaintiff's time for appealing only if it was a "valid" motion to vacate.  (*Ibid.*)

As used in rule 8.108, "valid" means the motion complies with all applicable procedural requirements.  (Advisory Com. com., Deerings Ann. Codes, Rules (2014 ed.) foll. rule 8.108.)  The procedural requirements of a motion to vacate under Code of Civil Procedure section 473 include timely filing and service on the opposing party or parties.  (Rule 8.108(c); *McDonald v. Severy* (1936) 6 Cal.2d 629, 631; *Ramirez v. Moran* (1988) 201 Cal.App.3d 431, 437.)  Additionally, the motion must be supported by a memorandum of points and authorities (rule 3.1112(a)) and "accompanied by a copy of the answer or other pleading proposed to be filed" by the moving party (Code Civ. Proc., § 473, subd. (b)).

The motion filed by plaintiff consisted of a notice of motion and motion with documents attached.[3]  It indicated plaintiff was moving to vacate the summary judgment on the grounds it was entered due to plaintiff's mistake and excusable neglect and the trial court's inadvertence.  Although the motion did not cite Code of Civil Procedure section 473, subdivision (b), the stated grounds for the motion indicate it was filed

---

[2]     All further references to rules refer to the California Rules of Court.

[3]     These include copies of a subpoena duces tecum, cashier's checks, a notice to compel an expert witness to attend court, and a letter from the attorney for that expert stating that he had not agreed to act as plaintiff's expert.

pursuant to that section. Plaintiff's motion was not accompanied by a memorandum of points and authorities, a declaration attempting to establish mistake, inadvertence, or excusable neglect, or a proposed pleading (a proposed opposition to the motion for summary judgment). More importantly, the motion was not served on defendant. The record contains no proof of service filed in compliance with rule 3.1300(c) and the motion was denied in part because of "lack of statutory notice."

Because the motion to vacate did not comply with the procedural requirements for such a motion, it was not a valid motion to vacate. Because it was not a valid motion to vacate, the time for filing a notice of appeal was not extended by rule 8.108. The 60-day period for filing a notice of appeal commenced on October 3, 2012, when defendant served notice of entry of judgment. The last day for filing the notice of appeal was Monday, December 3, 2012. Plaintiff's notice of appeal was not filed until January 7, 2013. The appeal was not timely filed pursuant to rule 8.104, and this court does not have jurisdiction to consider it. "If a notice of appeal is not timely, the appellate court *must* dismiss the appeal. [Citations.]" (*Payne v. Rader* (2008) 167 Cal.App.4th 1569, 1573.) Plaintiff's appeal was not timely, and we must dismiss it.

## II.     Failure to Identify Any Reversible Error in the Judgment

Even if this court had jurisdiction to consider the appeal, plaintiff has not identified any prejudicial error in the trial court proceedings. On appeal, the judgment is presumed correct and the burden is on the appellant to affirmatively demonstrate error. (*Rayii v. Gatica* (2013) 218 Cal.App.4th 1402, 1408.) The appellant must raise claims of reversible error and present argument and authority on each point made. (*In re Sade C.* (1996) 13 Cal.4th 952, 994.) "An appellant must provide an argument and legal authority to support his contentions. This burden requires more than a mere assertion that the judgment is wrong. 'Issues do not have a life of their own: If they are not raised or supported by argument or citation to authority, [they are] … waived.' [Citation.] It is not our place to construct theories or arguments to undermine the judgment and defeat the

4.

presumption of correctness.  When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived.  [Citation.]" (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.)  In that event, the court may, in its discretion, deem the appeal to be abandoned and dismiss it.  (*In re Sade C.*, *supra*, at p. 994.)

Plaintiff appealed from the judgment entered after the trial court granted defendant's motion for summary judgment.  In defendant's motion, he presented evidence and argument addressing each cause of action in plaintiff's first amended complaint.  Plaintiff failed to oppose the motion.  Because plaintiff presented no expert evidence contradicting defendant's evidence that his treatment of her met the applicable standard of care, the court found there was no triable issue of material fact and granted the motion.

The arguments plaintiff raises in her briefs do not address the propriety of the trial court granting summary judgment.  Her first argument concerns her efforts to subpoena an expert to testify at trial.  Her second argument seems to address the summary judgment motion, but fails to identify any legal error that justifies reversal of the judgment.  She concedes she failed to file opposition to the motion.  She concedes she missed multiple hearings in her case, including the hearing on the motion for summary judgment.  Plaintiff seems to argue that, because she was working on other aspects of her case—preparing to subpoena an expert for trial, preparing a second amended complaint, responding to defendant's motions in limine—she was unable to prepare a timely opposition to the motion for summary judgment.  She does not assert that she timely asked for and was improperly denied a continuance to prepare her opposition or obtain the evidence necessary to oppose the motion.  (See Code Civ. Proc., § 437c, subd. (h).)  Rather, she argues she should have been given an extension of time to file opposition when she made her motion to vacate the judgment after summary judgment had already

been granted.  Thus, she has identified no error in the trial court's granting of the motion for summary judgment or in the entry of judgment against her.

Plaintiff argues she promptly filed a motion to vacate the judgment, and the trial court's denial of that motion because it lacked statutory notice was incorrect.  She asserts the motion to vacate, as it appears in the record, is incomplete, and she filed and served it in accordance with Code of Civil Procedure section 1005, subdivision (b).  Plaintiff's notice of appeal, however, indicates she is appealing from the judgment only, not from the postjudgment order denying her motion to vacate.  Further, it was plaintiff's burden to provide an adequate record to demonstrate the claimed error, and plaintiff did not request correction or augmentation of the record to include the entire motion to vacate.  "[A] party challenging a judgment has the burden of showing reversible error by an adequate record." (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574.)  "[E]rrors not reflected in the trial record will not, and indeed cannot, sustain a reversal on appeal." (*Yield Dynamics, Inc. v. TEA Systems Corp.* (2007) 154 Cal.App.4th 547, 557.)

Plaintiff has not identified any prejudicial error in the trial court's grant of summary judgment in favor of defendant.  She has not supported any assertion of prejudicial error with an adequate record and reasoned argument, supported by citations to authorities and to the record, demonstrating that error.  This ground also justifies dismissal of plaintiff's appeal. (*In re Sade C.*, *supra*, 13 Cal.4th at p. 994.)  Although plaintiff is representing herself, "[a] party proceeding in propria persona 'is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys.'" (*First American Title Co. v. Mirzaian* (2003) 108 Cal.App.4th 956, 958, fn. 1.)

## DISPOSITION

The appeal is dismissed.  Costs on appeal are awarded to defendant.

_____
Kane, Acting P.J.

WE CONCUR:


_____
Peña , J.


_____
LaPorte, J.*

---

*      Judge of the Kings Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7.