Filed 4/21/16  Robicheaux v. Jaya Investments CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| ANTHONY J. ROBICHEAUX et al.,<br><br>        Plaintiffs and Appellants,<br><br>v.<br><br>JAYA INVESTMENTS,<br><br>        Defendant and Respondent. | A146620<br><br>(Del Norte County<br>Super. Ct. No. CVCV14-2200) |

Plaintiffs appeal from a judgment of dismissal and a denial of a motion for new trial.  We dismiss the appeal as untimely because plaintiffs' notice of appeal was filed sixty one days, one day too late, after plaintiffs were served with a written notice of entry of judgment.

**BACKGROUND**

This case centers around an undeveloped, 60 feet by 205 feet area of land (the property) in Crescent City (the city).  The property abuts plaintiffs' RV Park, which the plaintiffs purchased in 2007.  In 2014, the titled owner of the property, defendant Jaya Investments (Jaya), demanded that plaintiffs quit the property.  In response, plaintiffs filed this action alleging that they had acquired an adverse possessory interest in the property by having "enjoyed free access and use, maintained, possessed, and have openly and notoriously exercised uninterrupted control, restricted use and access of the [property]."  They also alleged that Jaya was not the legal owner of the property because it obtained title in 2013 from Hambro Forest Products, Inc. (Hambro), which had no legal right to the property and had never paid property taxes on it.

1

Jaya filed a demurrer and asked the trial court to take judicial notice of certain documents, including (1) the grant deed conveying the property from Hambro to Jaya; (2) portions of a plat map showing the property to be part of the Walton Docks subdivision; (3) the plat map of Walton Docks by which the original grantor dedicated the property to the city for public use; and (4) city resolution 2014-10 (passed on March 17, 2014), through which the city vacated its right of way in the subject property. In support of its demurrer, Jaya argued that plaintiffs could not have acquired the property through adverse possession because, as a matter of law, property in public use cannot be acquired through adverse possession and the city only relinquished its rights to the property in March 2014.

After a hearing in September 2014, the trial court granted the request for judicial notice and took the demurrer under advisement. The demurrer was then granted on October 30, 2014, without leave to amend. In granting the demurrer, the court found that the property was included in the shaded areas on the Walton Docks plat map that were dedicated to public use. The court found that the original grantor dedicated the shaded portions to the city in fee simple with the provision that title would revert to the grantor "in the event the city vacated a shaded part." The court concluded that the dedication was in the nature of a fee rather than an easement because "the plaintiffs' and defendant's lots are shown on the map as terminating at the edge of the shaded portions rather than extending to the center of the [subject property]." The court then held that Civil Code section 1007 barred plaintiffs' claim of adverse possession because the property had been dedicated to public use in fee.[1]

The action was dismissed by an order of dismissal entered on November 19, 2014. Defendant served a "Notice of Decision Sustaining Demurrer and for Entry of Judgment"

---

[1] Section 1007 of the Civil Code provides in pertinent part: "[N]o possession by any person, firm or corporation no matter how long continued of any land, water, water right, easement, or other property whatsoever dedicated to a public use by a public utility, or dedicated to or owned by the state or any public entity, shall ever ripen into any title, interest or right against the owner thereof."

on plaintiff by mail on November 26, 2014. Sixteen days later, on December 12, 2014, plaintiff filed a notice of motion for new trial. This motion was denied on January 20, 2015. Plaintiffs filed their notice of appeal on January 27, 2015.[2]

## DISCUSSION

Compliance with the requirements for filing a notice of appeal is mandatory and jurisdictional. (*Hollister Convalescent Hosp., Inc. v. Rico* (1975) 15 Cal.3d 660, 674 (*Hollister*); *Laraway v. Pasadena Unified School Dist.* (2002) 98 Cal.App.4th 579, 582.) If a notice of appeal is not timely, the appellate court must dismiss the appeal. (*Hollister*, *supra*, 15 Cal.3d at p. 674; *Laraway*, *supra*, 98 Cal.App.4th at p. 582; Cal. Rules of Court, rule 8.104(b).)

A notice of appeal from a judgment must be filed on or before the earliest of (1) 60 days after the trial court's mailing of the notice of entry of judgment, (2) 60 days after a party's service of the notice of entry of judgment, or (3) 180 days after entry of judgment. (Cal. Rules of Court, rule 8.104(a)(1)-(3).) An order of dismissal is a final, appealable judgment if it is in writing, signed by the court, and filed in the action. (*Jocer Enterprises*, *Inc. v. Price* (2010) 183 Cal.App.4th 559, 565, fn. 4; *Etheridge v. Reins Internat. California*, *Inc.* (2009) 172 Cal.App.4th 908, 913; see also *APRI Ins. Co. v. Superior Court* (1999) 76 Cal.App.4th 176, 181-182 [order of dismissal is final judgment precluding the trial court from entertaining a motion for reconsideration after the dismissal has been entered].)

---

[2] Plaintiffs filed their notice of appeal in the Appellate Division of Del Norte County Superior Court. The Appellate Division ruled that it lacked jurisdiction over the appeal because the action was not a limited civil matter under Code of Civil Procedure section 86, and it transferred the appeal to this court under Code of Civil Procedure section 396, subdivision (a). We issued an order on October 30, 2015, noting that the appeal had been lodged in this court, the record had been certified by the Del Norte Superior Court, and the appellants' opening brief had been filed and transmitted to this court. We then set a briefing schedule for the filing of respondent's brief. We were unaware of any jurisdictional issues regarding the timeliness of the notice of appeal when we issued our October 30 order, but became aware of them when respondent filed its brief. Accordingly, the reference to the word "timely" is stricken nunc pro tunc from the October 30 order.

3

Here, the November 19, 2014 order of dismissal constitutes a final, appealable judgment because it was in writing, signed by the court, and filed in the action. Defendant served notice of entry of judgment of dismissal on November 26, 2014, and the last day to file a notice of appeal was therefore January 26, 2015—60 days after service of the notice of entry of judgment. (Cal. Rules of Court, rule 8.104(a)(1)(B).) Plaintiffs' notice of appeal, filed on January 27, 2015, was thus untimely unless the filing period was extended by virtue of some other rule. It was not.

Plaintiffs argue that the filing period was extended because of their motion for new trial, but they are mistaken. A motion for new trial filed pursuant to Code of Civil Procedure section 657, is an appropriate procedure to review a dismissal after a demurrer has been sustained without leave to amend (see *Carney v. Simmonds* (1957) 49 Cal.2d 84, 90-91), and the time to appeal is extended if "any party serves and files a *valid* notice of intention to move for a new trial." (Cal. Rules of Court, rule 8.108(b) [italics added]; see also *Payne v. Rader* (2008) 167 Cal.App.4th 1569, 1575-1576 ["rule 8.108 strictly provides that the time to appeal may be extended only upon the filing of valid motions to vacate, . . . for new trial" and the word " 'valid' means that the motion . . . complies with *all procedural requirements*"].)

A party must serve and file a notice of motion for a new trial "[w]ithin 15 days of . . . service upon him or her by any party of written notice of entry of judgment. . . ." (Code Civ. Proc., § 659, subd. (a)(2).) Applying this rule here means that plaintiffs had until December 11, 2014, to file a notice of motion for new trial. But plaintiffs did not serve and file their notice of motion for new trial until December 12, 2014. Thus, plaintiffs' motion for new trial was untimely and was therefore not valid for purposes of extending the time to appeal. (*Ramirez v. Moran* (1988) 201 Cal.App.3d 431, 437 [untimely notice of motion for new trial was "not a valid motion" extending time to appeal]; *Payne v. Rader*, *supra*, 167 Cal.App.4th at p. 1573, [notice of appeal filed one-day late was untimely and time to appeal was not extended by motion to vacate judgment because the motion was not a valid one].)

4

To sum up, the notice of appeal was filed beyond the 60-day period provided by law and is therefore untimely. Although a valid motion for new trial can extend the period to appeal (see Cal. Rules of Court, rule 8.108(b)), plaintiffs' motion for new trial was not a valid motion because it was filed after the 15-day filing period. (See Code Civ. Proc., § 659, subd. (a)(2); *Mercer v. Perez* (1968) 68 Cal.2d 104, 118 [statutory procedures for making and determining a motion for new trial are mandatory, jurisdictional and strict; literal compliance is required]; *Ramirez v. Moran, supra*, 201 Cal.App.3d at p. 437 [untimely notice of motion for new trial was "not a valid motion" extending time to appeal].)

"In the absence of statutory authorization, neither the trial nor appellate courts may extend or shorten the time for appeal [citation], even to relieve against mistake, inadvertence, accident, or misfortune." (*Estate of Hanley* (1943) 23 Cal.2d 120, 123.) Here, the notice of appeal was filed one day late and the time to appeal was not extended by plaintiffs' motion for new trial. Thus, we lack jurisdiction to consider the merits of the appeal and must dismiss it. (See *Hollister, supra*, 15 Cal.3d at p. 674.)

## DISPOSITION

The appeal is dismissed. Respondents shall recover their costs on appeal. (See Cal. Rules of Court, rule 8.278(a)(2).)

 

 

 

 

 

 

 

 

_____
Humes, P.J.

We concur:

_____
Margulies, J.

_____
Banke, J.

*Robicheaux et al v. Jaya Investments* (A146620)