Filed 3/29/21  Yuzon v. Contra Costa County Community College Dist. CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| ZION YUZON,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>CONTRA COSTA COUNTY COMMUNITY COLLEGE DISTRICT,<br><br>    Defendant and Respondent. | A161834<br><br>(Contra Costa County Super. Ct. No. MSC17-00618) |

Respondent Contra Costa Community College District has moved to dismiss the appeal of appellant Zion Yuzon on the ground that his notice of appeal was untimely.  We agree that the notice of appeal was untimely, and shall therefore dismiss the appeal.

## BACKGROUND

According to the parties, this matter arises from an incident in March 2016, in which appellant suffered an injury to his left eye when a glass beaker shattered during a science demonstration by an employee of Mad Science of Mt. Diablo, which took place at Diablo Valley College.  In June 2018, respondent's demurrer to appellant's first amended complaint was sustained without leave to amend, which led to dismissal of appellant's cause of action for dangerous condition of public property.

1

On September 4, 2020, the trial court entered an order granting respondent's motion for summary judgment on appellant's sole remaining cause of action against respondent for negligence. Notice of entry of that order was served on appellant on September 11, 2020. Judgment of dismissal was entered in favor of respondent on October 21, 2020.

On October 29, 2020, respondent served appellant with notice of entry of judgment of dismissal via electronic service.

On December 29, 2020, appellant filed a notice of appeal.

## DISCUSSION

Respondent contends the present appeal must be dismissed because the deadline for filing a notice of appeal was December 28, 2020, but appellant did not file his notice of appeal until the following day, December 29. (See Cal. Rules of Court, rule 8.104(a)(1)(B), (b).)[1] Appellant does not dispute that his notice of appeal was filed 61 days after service of the notice of entry of judgment. He argues, however, that the notice of appeal was in fact timely filed under emergency rules promulgated by the Judicial Council as a result of the COVID-19 pandemic (Judicial Council of Cal., Emergency Rules Related to COVID-19 <https://www.courts.ca.gov/documents/appendix-i.pdf> [as of Mar. 29, 2021]) and that ambiguities regarding the effect of those rules should not be interpreted against him, particularly because respondent has suffered no prejudice.

" '[T]he timely filing of an appropriate notice of appeal or its legal equivalent is an absolute prerequisite to the exercise of appellate jurisdiction.' (*Hollister Convalescent Hosp., Inc. v. Rico* (1975) 15 Cal.3d 660, 670.) 'In the absence of statutory authorization, neither the trial nor

---

[1] All further rule references are to the California Rules of Court.

2

appellate courts may extend or shorten the time for appeal [citation], even to relieve against mistake, inadvertence, accident, or misfortune [citations].' (*Estate of Hanley* (1943) 23 Cal.2d 120, 123.)" (*Rowan v. Kirkpatrick* (2020) 54 Cal.App.5th 289, 294 (*Rowan*).)

Where, as here, a party serves a notice of entry of judgment, to be timely, the notice of appeal from that judgment must be filed on or before 60 days after service of the notice. (Rule 8.104(a)(1)(B).) "Except as provided in rule 8.66, no court may extend the time to file a notice of appeal. If a notice of appeal is filed late, the reviewing court must dismiss the appeal." (Rule 8.104(b).) Rule 8.66 provides in relevant part: "If made necessary by the occurrence or danger of . . . [a] public health crisis, or other public emergency . . . , the Chair of the Judicial Council, notwithstanding any other rule in this title may: [¶] (1) Toll for up to 30 days or extend by no more than 30 days any time periods specified by these rules; or [¶] (2) Authorize specified courts to toll for up to 30 days or extend by nor more than 30 days any time periods specified by these rules."

First, appellant's reliance on Emergency rule 9 to justify the untimely filing of his notice of appeal is misplaced. That rule provides in relevant part: "Notwithstanding any other law, the statutes of limitations and repose for civil causes of action that exceed 180 days are tolled from April 6, 2020, until August 3, 2020." (Emergency rule 9(a).) By its terms, this rule applies only to *statutes of limitations and repose* for the *commencement* of civil actions, not to other deadlines such as the one at issue here. (See Judicial Council of Cal., Advisory Com. com., Emergency rule 9 ["Emergency rule 9 is intended to apply broadly to toll any statute of limitations on the filing of a pleading in court asserting a civil cause of action"].)

3

Second, appellant relies on rule 8.66, arguing that "[i]n December 2020, [he], as did many litigants in California, understood the public health state of emergency, constant change in court operations, and emergency orders of the Judicial Council to reflect a triggering public health crisis under [rule] 8.66, making available an extension of up to 30 days for [appellant's] deadline to file his notice of appeal."  While there were such emergency orders in effect early in the pandemic, appellant does not cite to any orders that were in effect during the time period relevant to the deadline for filing his notice of appeal, i.e., October 2020 to December 2020.  (See *Rowan, supra,* 54 Cal.App.5th at pp. 292–293 [citing emergency orders issued by the Judicial Council pursuant to rule 8.66, extending filing deadlines falling between Mar. 17, 2020 and May 18, 2020 by 30 days]; see also Contra Costa County Emergency Orders of Mar. 13, 2020; Apr. 2, 2020; & Apr. 29, 2020 [general orders stating that, for purposes of computing time for filing papers with court under Code of Civil Procedure sections 12 and 12a, dates from Mar. 16 to May 28, 2020 "are deemed holidays," pursuant to Government Code section 68115, subdivision (a)(5)] Superior Court of Cal., Contra Costa County, Implementation of Statewide Orders <https://www.cc-courts.org/general/orders.aspx> [as of Mar. 29, 2021].)  Thus, there are no applicable orders that would extend the time within which appellant was required to file a notice of appeal.

Third, appellant argues that court closures, hardships his counsel suffered, and lack of prejudice to respondent should excuse the late filing of his notice of appeal.  Appellant first points out that the Contra Costa County Superior Court was closed to the public for several weeks in December 2020.  However, during that closure, parties could, and were expected to, timely file all documents via drop box or mail.  (Superior Court of Cal., Contra Costa

4

County Limited Court Closure Beginning Monday, Dec. 7, 2020 (Dec. 4, 2020) <https://www.cc-courts.org/general/docs/PressRelease-CourtClosure-20201207.pdf> [as of Mar. 29, 2021].) Appellant next states that his attorney's office was closed in December 2020, in response to the California Department of Public Health's Regional Stay at Home Order. (Cal. Dept. of Health, State of Cal. Health and Human Services Agency, Regional Stay at Home Order (Dec. 3, 2020), <https://www.gov.ca.gov/wp-content/uploads/2020/12/12.3.20-Stay-at-Home-Order-ICU-Scenario.pdf> [as of Mar. 29, 2021].) However, this does not excuse appellant from the jurisdictional deadline for filing his notice of appeal, even during a challenging time when many people were working from home. In short, appellant has not shown that the December 2020 closure of the superior court or his attorney's office justified his failure to file a timely notice of appeal.

Appellant's notice of appeal was filed 61 days after electronic mail service of the notice of entry of judgment.[2] As noted, no emergency orders were then in effect that would extend the 60-day deadline set forth in rule 8.104(a)(1)(B) and appellant has not shown that he was otherwise excused from filing a timely notice of appeal. Consequently, we have no jurisdiction to consider appellant's appeal. (See rule 8.104(b); *Rowan*, *supra*, 54 Cal.App.5th at p. 294.)

### DISPOSITION

Respondent's motion to dismiss appellant's appeal is granted.

---

[2] Electronic service of notices and other documents was permitted on October 29, 2020, when respondent filed its notice of entry of judgment. (See Emergency rule 12(b)(1), Amendments to Cal. Rules of Court, adopted by Judicial Council of Cal. Apr. 16, 2020, eff. Apr. 17, 2020 <https://www.courts.ca.gov/documents/2020-04-16-rules-effective-04-17-2020.pdf> [as of Mar. 29, 2021].)

_____
Stewart, Acting P.J.

We concur:


_____
Richman, J.


_____
Miller, J.


*Yuzon v. Contra Costa County Community College District* (A161834)

6