Filed 3/9/23  Armstrong Townhomes v. Milgard Manufacturing CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| ARMSTRONG TOWNHOMES, LLC et al., <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> MILGARD MANUFACTURING, INC. et al., <br><br> Defendants and Respondents. | A164469 <br><br> (San Francisco County Super. Ct. No. CGC-18-568770) |

Plaintiffs and appellants Armstrong Townhomes, LLC and James E. Roberts-Obayashi Corporation (appellants) appeal from the trial court order granting the motion of respondent Brasscraft Manufacturing Company (Brasscraft) determining a settlement was made in good faith.  (Code Civ. Proc., § 877.6.)  Without reaching the issue of whether an appeal is available to appellants,[1] for the reasons set forth below we shall dismiss this appeal as untimely.

---

[1] Code of Civil Procedure section 877.6, subdivision (e) provides that a determination that a settlement was in good faith is reviewable by writ of mandate, in light of which Courts of Appeal are divided as to whether a writ is the sole remedy available.  The issue is currently before our Supreme Court, which granted review of the decision in *In re Pacific Fertility Cases*

1

On October 26, 2021, Brasscraft filed a motion for determination of good faith settlement. It was accompanied by a declaration of Paul Viau, its general contractor, that with its attachments totaled over 200 pages, a declaration that set forth in comprehensive detail the factual setting involved in the settlement.

Appellants filed opposition that hardly addressed those facts, and on November 12, 2021, the trial court filed its order determining that the settlement was made in good faith.

That same day, November 12, Brasscraft filed and served on appellants a notice of entry of order.

On January 19, 2022, 68 days after the notice of entry, appellants filed a notice of appeal, filing it electronically with the trial court and serving it by electronic filing via File and Serve Express e-Service.

On May 16, 2022, appellants filed their opening brief, represented by the firm of Sellar Hazard & Lucia (Sellar firm), the same firm that represented them below. Appellants' opening brief lists Christopher Karic of that firm on the cover, and he wrote the brief. Appellants' reply brief lists Peter Pritchard on the cover, and he wrote that brief. For some reason, both briefs were served on Christian Lucia, a third lawyer at the Sellar firm.

On December 2, Brasscraft filed its respondent's brief. That brief had an argument contending that appellants' brief failed to comply in several particulars with the Rules of Court, and cited to various cases in which appellate courts held appellants accountable for such non-compliance, to the

---

(2022) 78 Cal.App.5th 568, review granted August 17, 2022, S275134. Pursuant to the order granting review, "the opinion of the Court of Appeal, which is currently published at 78 Cal.App.5th 568, may be cited, not only for its persuasive value, but also for the limited purpose of establishing the existence of a conflict in authority" in the state's Courts of Appeal.

point that some courts struck the appellant's brief. (See e.g., *C.J.A. Corp. v. Trans-Action Fin. Corp.* (2001) 86 Cal.App.4th 664, 673; *Ojavan Investors v. Cal. Coastal Com.* (1997) 54 Cal.App.4th 373, 391.)

Mr. Pritchard's appellants' reply brief did not even mention, much less come to grips with, respondent's contention. He simply ignored it. Bad enough. Worse, appellants' reply brief also ignored Brasscraft's separate argument contending that appellants' appeal was time-barred—a jurisdictional defect.[2]

In light of this, on February 9, 2023, our clerk's office sent to counsel, including all three lawyers at the Sellar firm, a letter requesting briefing on the question of why the appeal should not be dismissed as untimely, citing to California Rules of Court, rule 8.104(a)(1)(B).

The letter directed that appellants' brief be filed by February 21. We received no brief from appellants, and on February 24 our clerk's office sent counsel an email advising of that.

On February 28, our clerk's office received an email from the Sellar firm, sent by yet a fourth attorney there, Justin M. Graham. That email,

---

[2] Appellants' reply brief does have an argument that asserts "appellants properly brought their appeal after their writ of mandate was denied." This addresses a different argument than untimeliness, specifically the issue referred to in footnote 1 *ante*.

But not only does the argument miss the point, it is based on a representation that finds no support in the record, which representation is this: "Assuming, *arguendo*, that [Code of Civil Procedure] Section 877.6[, subdivision] (e) does import a mandatory obligation to first petition the court via writ petition, Appellants have already done so, and its petition was summarily denied. Upon such a denial, the courts have held that a good faith settlement determination could be challenged on appeal despite the filing of an earlier writ petition, which petition was summarily denied." No record reference is cited in support of that statement, and we have found no writ in our records involving the order for Brasscraft.

which was not even copied to opposing counsel, reads in its entirety as follows: "We plan on submitting a letter brief in the above-captioned matter. Due to our office's work in an ongoing trial, we were unable to file this before the February 21 deadline. As such, we respectfully request an extension of time for which to file our letter brief. Thank you."

Our clerk's office responded: "I have checked with the court regarding an extension of time request. The court will not grant an extension of time. You may proceed as you feel is necessary."

We heard nothing since. We now dismiss the appeal.

Rule 8.104 of the California Rules of Court sets forth the "time to appeal." And it provides as follows:

"(a) Normal time

"(1) Unless a statute or rules 8.108, 8.702, or 8.712 provide otherwise, a notice of appeal must be filed on or before the earliest of:

"(A) 60 days after the superior court clerk serves on the party filing the notice of appeal a document entitled 'Notice of Entry' of judgment or a filed-endorsed copy of the judgment, showing the date either was served;

"(B) 60 days after the party filing the notice of appeal serves or is served by a party with a document entitled 'Notice of Entry' of judgment or a filed-endorsed copy of the judgment, accompanied by proof of service; or . . . ."

The appeal here was, as noted, filed 68 days after notice of entry. It is thus untimely. It must be dismissed.

Rule 8.104(b) of the Rules of Court provides that "no court may extend the time to file a notice of appeal. If a notice of appeal is filed [beyond the statutory appeal period], the reviewing court must dismiss the appeal." (Cal. Rules of Court, rule 8.104(b).) Similarly, Rule 8.406(c) provides in relevant part, "Except as provided in rule 8.66" (which applies only in public

4

emergencies), "no court may extend the time to file a notice of appeal. . . ." In short, "if it appears that the appeal was not taken within the 60-day period, the court has no discretion but must dismiss the appeal of its own motion even if no objection is made." (*Estate of Hanely* (1943) 23 Cal.2d 120, 123.) We have no jurisdiction to entertain it. (*Hollister Convalescent Hosp., Inc. v. Rico* (1970) 15 Cal.3d 660, 670 ["[T]he timely filing of an appropriate notice of appeal or its legal equivalent is an absolute prerequisite to the exercise of appellate jurisdiction"]; also see *In re G.C.* (2020) 8 Cal.5th 1119, 1127; *K.J. v. L.A. Unified Sch. Dist.* (2020) 8 Cal.5th 875, 881; *People v. Mendez* (1999) 19 Cal.4th 1084, 1094.)

The appeal is dismissed. Brasscraft shall recover its costs on appeal.

5

_____
Richman, J.

We concur:

_____
Stewart, P.J.

_____
Miller, J.

*Armstrong Townhomes, LLC v. Milgard Manufacturing, Inc.*
(A164469)