Filed 2/16/24  Luehring v. Metropolitan State Hospital CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| FREDERICK LUEHRING, Plaintiff and Appellant, v. METROPLITAN STATE HOSPITAL et al., Defendant and Respondent. | B321400 (Los Angeles County Super. Ct. No. 21STCV09000) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Holly J. Fujie, Judge.  Affirmed in part and dismissed in part.

Frederick Luehring, self-represented litigant, for Plaintiff and Appellant.

Rob Bonta, Attorney General, Jodi L. Cleesattle, Senior Assistant Attorney General, Iveta Ovsepyan, Supervising Deputy Attorney General, for Plaintiff and Respondent.

# I.    INTRODUCTION

Plaintiff Frederick Luehring appeals from the judgment of dismissal following the sustaining of a demurrer to his first amended complaint without leave to amend.[1]  On appeal, plaintiff appears to challenge the trial court's ruling denying his motion for relief from the claim-filing requirements of the Government Claims Act (Gov. Code, § 810 et seq.), its ruling sustaining the demurrer, and its ruling striking a "UCC lien" he placed on Lee's real property after it entered judgment against him (plaintiff).  Because plaintiff has failed to provide an adequate record on appeal to review his claims concerning the court's rulings on his motion for relief from the claim-filing requirements of the Government Claims Act and on defendants' demurrer, we affirm the judgment.  Because plaintiff did not file a notice of appeal from the order striking his UCC lien, we do not have jurisdiction over that claim and dismiss it.

---

[1]    Defendants are Metropolitan State Hospital (the State of California), Eunmee Lee, and Maybel Manlagnit.

## II. BACKGROUND

According to his opening brief, plaintiff brought an action against defendants after they improperly took money from him and applied it to the cost of his care while he was a patient at Metropolitan State Hospital. (See Welf. & Inst. Code, § 7281[2].) Plaintiff intended to use that money to pay "back taxes" owed on his home to avoid a tax sale. Plaintiff lost his home and other property due to defendants' actions.

On September 15, 2021, plaintiff filed the first amended complaint asserting causes of action for negligence, fraud, professional negligence, conversion, and dishonor of presentation. On October 29, 2021, plaintiff filed a motion for relief from the claim-filing requirements of the Government Claims Act. On

---

[2]   Welfare and Institutions Code section 7281 provides in part, "There is at each institution under the jurisdiction of the State Department of State Hospitals and at each institution under the jurisdiction of the State Department of Developmental Services, a fund known as the patients' personal deposit fund. Any funds coming into the possession of the superintendent, belonging to any patient in that institution, shall be deposited in the name of that patient in the patients' personal deposit fund, except that if a guardian or conservator of the estate is appointed for the patient then the guardian or conservator shall have the right to demand and receive the funds. Only for patients at an institution under the jurisdiction of the State Department of Developmental Services, whenever the sum belonging to any one patient, deposited in the patients' personal deposit fund, exceeds the sum of five hundred dollars ($500), the excess may be applied to the payment of the care, support, maintenance, and medical attention of the patient."

November 23, 2021, defendants filed a demurrer to the first amended complaint.

The trial court denied plaintiff's motion for relief from the Government Claims Act's claim-filing requirements and sustained without leave to amend defendants' demurrer. Plaintiff filed a motion for reconsideration asking the court to reconsider that ruling. The court denied the reconsideration motion, and entered the judgment of dismissal on March 23, 2022.

On April 18, 2022, plaintiff placed a UCC lien on Lee's real property.

On May 17, 2022, plaintiff filed a notice of appeal from the judgment of dismissal.

On May 18, 2022, Lee filed a petition for an ex parte order to show cause why plaintiff's UCC lien should not be stricken and released and for an order striking and releasing the lien (OSC petition).

## III. DISCUSSION

### A. *Inadequate Record*

Plaintiff appears to contend the trial court erred when it denied his motion for relief from the claim-filing requirements of the Government Claims Act and sustained defendants' demurrer to the first amended complaint.

"A judgment or order of a lower court is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness." (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133; *Cahill v. San Diego Gas & Electric*

4

*Co.* (2011) 194 Cal.App.4th 939, 956.) An appellant must affirmatively establish error by an adequate record. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609.) In the absence of a proper record on appeal, the appealable judgment or order is presumed correct and must be affirmed. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295–1296.) Plaintiff failed to provide an adequate record on appeal by failing to include in the record: (a) plaintiff's first amended complaint; (b) plaintiff's motion for relief from the claim-filing requirements of the Government Claims Act or defendants' opposition to that motion[3]; (c) defendants' demurrer to the first amended complaint and supporting documents, plaintiff's opposition to the demurrer, or defendants' reply in support of the demurrer; or (d) a reporter's transcript of the hearing on defendants' demurrer. Nor did plaintiff file a brief in response to this court's inquiry regarding the adequacy of the record on appeal. Instead, he sought judicial notice of only some of the documents that he failed to include in the record. We deny the request for judicial notice as untimely. (See *Estate of Sanchez* (2023) 95 Cal.App.5th 331, 337 [court of appeal denied untimely request for judicial notice].) Moreover, even if we granted plaintiff's request for judicial notice, the record on appeal is still inadequate because the request for judicial notice does not include plaintiff's motion for relief from the claim-filing requirements of the Government Claims Act or defendants' opposition to that motion; defendants' documents filed in support of their demurrer to the first amended complaint, plaintiff's opposition to the demurrer, or defendants' reply in support of the demurrer; or a reporter's transcript of the hearing on defendants'

---

[3] Plaintiff did not file a reply in support of his motion.

5

demurrer.  Accordingly, we affirm the judgment on the grounds that plaintiff has failed to establish error by an adequate record.[4]

B.    *Jurisdiction Over Plaintiff's UCC Lien Claim*

Plaintiff contends the trial court "erred in finding that they had the standing and authority to strike [his] private UCC lien as there is no [substantial] evidence to support that finding."

"[T]he timely filing of an appropriate notice of appeal or its legal equivalent is an absolute prerequisite to the exercise of appellate jurisdiction." (*Hollister Convalescent Hosp., Inc. v. Rico* (1975) 15 Cal.3d 660, 670 (*Hollister*); *Beltram v. Appellate Department* (1977) 66 Cal.App.3d 711, 714 (*Beltram*) ["failure to file a notice of appeal is a jurisdictional defect that cannot be remedied"].)  Absent a timely notice of appeal, an appellate court "lacks all power to consider the appeal on its merits and must dismiss" it. (*Hollister, supra*, 15 Cal.3d at p. 674; *Marshall v. Webster* (2020) 54 Cal.App.5th 275, 284 & fn. 10.)  "[A]lthough failure to file a notice of appeal is a jurisdictional defect that cannot be remedied, once a notice is filed it is to be construed

---

[4]    To the extent that plaintiff's opening brief can be construed as also claiming the trial court erred in denying plaintiff's motion to reconsider its rulings on plaintiff's request to be relieved from the claim-filing requirements of the Government Claims Act and on defendants' demurrer, it fails for the same reason—plaintiff's appellate record does not include the motion for reconsideration, defendants' opposition to that motion, or plaintiff's supporting reply; the first amended complaint; or necessary filings concerning his motion for relief from the Government Claims Act or defendants' demurrer. (*Maria P. v. Riles, supra*, 43 Cal.3d at pp. 1295–1296.)

6

liberally in favor of its sufficiency." (*Beltram, supra*, 66 Cal.App.3d at p. 714.)

The record on appeal does not contain either an order from the court striking plaintiff's UCC lien or a notice of appeal from any such order.  Accordingly, plaintiff's appeal from the trial court's claimed order striking his UCC lien is dismissed.[5] (*Hollister, supra*, 15 Cal.3d at p. 674.)

---

[5]    Moreover, plaintiff failed to include in the record on appeal the court's order striking the lien or a reporter's transcript of the hearing on Lee's OSC petition.  Thus, even if we had jurisdiction over this contention, we would reject it because the record on appeal is inadequate. (*Maria P. v. Riles, supra*, 43 Cal.3d at pp. 1295–1296.)

## IV.   DISPOSITION

The judgment is affirmed.  Plaintiff's appeal from the trial court's order striking his UCC lien is dismissed.  Defendants are awarded their costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM, J.

We concur:

MOOR, Acting P. J.

LEE, J.*

---

*      Judge of the San Bernardino Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.